280 So.2d 150

**Dortha Lee HORSLEY**

v.

**John Henry HORSLEY.**

**Civ. 72.**

Court of Civil Appeals of Alabama.

May 2, 1973.

Rehearing Denied May 23, 1973.

Caine O'Rear, Jr., Jasper, for appellee.

James E. Wilson, Jasper, for appellant.

HOLMES, Judge.

Suit for divorce was filed by appellant, Dortha Lee Horsley, in the Circuit Court of Walker County, in Equity.

As a part of the bill of complaint, it was alleged that the parties jointly owned certain real and personal property including the homeplace. Appellant sued for a divorce on the ground of physical cruelty and prayed that the court would grant her a divorce; that an equitable distribution be

made of the property; and reasonable support and maintenance for herself and for the minor children.

After filing a demurrer, the appellee-husband filed an answer generally denying the material allegations of appellant's complaint, but admitted that the parties were joint owners of certain real property.

After a hearing *ore tenus* a final decree was rendered granting a divorce to appellant on the ground of cruelty. The homeplace, which was held by the parties jointly with the right of survivorship, was awarded to the appellee-husband with the appellant being required to convey her interest to appellee. Appellee was to pay appellant-wife $15,000 with the decree specifically providing that this sum was for her interest in the homeplace, household furnishings, and all other moneys due her. The trial court's decree further provided that appellant was not due any alimony, be it periodic or in gross, and no provision was made for custody of the two minor children, the court finding that since they were eighteen years of age they could reside where they chose. No provision in the decree provided for an award of an attorney's fee.

Final decree was rendered on June 22, 1972, and amended on June 26, 1972. Appellant perfected her appeal on August 25, 1972, and the case was submitted to this court on April 17, 1973.

Appellant has numerous assignments of error and her brief consists of 100 pages, but as we understand those assignments of error argued, their thrust is that the trial court erred in not awarding appellant a greater amount of money when the trial court divided the joint property, both real and personal, (or that the award of $15,000 was arbitrary and not based upon any evidence); in making no award of alimony; and in failing to make an award for a reasonable attorney's fee.

The tendencies of the evidence reveal the following: The parties were married in 1947 and separated January 23, 1971, a period of approximately twenty-four years. Their union produced five children; two of the children are deceased and of the remaining three, the youngest are twins approximately eighteen years of age.

The parties owned a fully furnished three bedroom home built on six acres of land. The land had been given by appellee's mother and the home located thereon was primarily built by appellee himself with the help of friends and by swapping out work with others. Appellant estimated the worth of the premises at $25,000; the appellee testified the house cost between $12,000 and $13,000 to build.

Appellee was engaged in the television repair service and has owned his business for approximately fourteen years. The appellant-wife assisted in the business, having specifically worked in the business for at least the past five years before their separation. Appellant was not paid a salary for her endeavors on behalf of the business and had no outside income.

The adjusted gross income derived from the business as shown by the parties' joint federal income tax return was slightly in excess of $7,200.

At the time of the parties' separation, in addition to the aforementioned real property, the parties had approximately $17,500 in joint savings and checking accounts and $8,000 in a business account that was not a joint account. The parties further owned a 1965 Ford automobile, a 1969 Ford van used in the business and a 1961 Mercury that apparently was in a state of disrepair. Additionally, the appellee possessed a gun collection valued at approximately $800, stocks and bonds worth $350, and cash value on an insurance policy of $1,800. There is no evidence of any indebtedness on any of the parties' assets.

Testimony further revealed that the appellant-wife had no special training and virtually the only work she had performed for the past twenty-five years was assist-

ing her husband. During the marriage the appellant had performed all of the work necessary to run a household and had raised their children, all without the assistance of any outside help. There was also evidence that appellant-wife was in ill health and had been advised by a physician to have an operation.

Since the separation the appellee has paid to appellant about $1,400 for support; the appellant obtained by mutual agreement (as we view it) a 1965 Ford automobile; and further personal property, such as household goods of a value of $3,000 to $4,000. Also, since the separation, appellee-husband has withdrawn virtually all of the money from the parties' joint accounts and 75% of the funds from the business account.

At the outset, it is necessary that we first construe the trial court's decree. As noted earlier, the trial court awarded appellant $15,000 for her share in the homeplace, household furnishings, and all other moneys the court found to be due appellant. In addition to the above, the court found and so stated in its decree that appellant was not due any part of the money or personal savings of the appellee. We construe this later finding in *pari materia* with the former as meaning that appellant's award included compensation from their accounts and is not due additional money to be withdrawn from these accounts. In other words, the appellant was not due any additional money of the personal accounts of the parties other than that which the court awarded.

■ It is therefore clear that the court has made a division of the property of the parties. It is equally clear that in this instance the court, under the pleadings, had the power to make such a division. See Owens v. Owens, 281 Ala. 239, 201 So.2d 396; Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; Body v. Body, 47 Ala.App. 443, 256 So.2d 184. We also note that any infirmity created by Bernhard v. Bernhard, 278 Ala. 240, 177

So.2d 565, in the division of jointly held real estate with the right of survivorship has been removed by Nunn v. Keith, 289 Ala. 518, 268 So.2d 792, which expressly overrules *Bernhard, supra.*

The evidence shows that without question the appellee-husband is an industrious, hardworking and thrifty person. However, the evidence also shows that the appellant has been a helpmate to appellee in his endeavors.

■ A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case. See Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C.J.S. Divorce § 291(1); 8 Ala.Dig., Divorce, ☞ 252.

■ Here, in this instance, the parties acquired their properties, both real and personal, by gift, their joint efforts and their individual efforts; all of these factors are to be considered by the court. Put another way, the court can look to the manner in which the property was acquired and determine what is an equitable division. There can be no mathematical formula to determine how the property should be divided.

■■ Here, in this instance, under one view of the evidence the parties had accumulated an estate of approximately $54,000 and of this amount the appellant received either by court order or by mutual agreement (as we view it) $15,000 cash, $3,000 to $4,000 in household and other personal property, and a 1965 Ford automobile. The total dollar value of appellant's property, therefore, being after the divorce, approximately $19,000, or one-third of the total estate.

In this instance, we cannot say the trial court was clearly and palpably wrong in

the division of the property. We view the decree with all presumption of its correctness, realizing that the evidence was heard orally by the court. It is the law of this state that on appeal we view a decree rendered after hearing *ore tenus* as if it were a jury verdict, and will reverse such decree only if after considering all the evidence we conclude that it is clearly and palpably wrong. Body v. Body, *supra*; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Powell v. Powell, 285 Ala. 230; 231 So.2d 103.

We therefore find the trial court did not err in its division of the parties' property, both real and personal.

This court must now determine whether or not the trial court committed error to reversal when it failed to award appellant any alimony.

■ The funds and other assets awarded appellant in the division of property is not alimony, but is in effect awarding to appellant that which she already had. See Body v. Body, *supra*.

■ There can be no question but that the awarding of alimony to the wife is largely discretionary with the trial court, but the exercise of such discretion is judicial and must not be arbitrary. It is subject to review on appeal. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283; Sides v. Sides, 284 Ala. 39, 221 So.2d 677.

■ After reviewing the evidence and the decree as hereinbefore related, we are convinced that the decree granting appellant no award of alimony was arbitrary.

There can be no dispute that the appellant has been married to appellee for twenty-four years; has borne him five children; has attended to all of her household duties, including providing appellee's meals, doing his washing, and caring for his children. Furthermore, apparently the only outside employment the appellant has performed is in the family business. She has no special training; she needs some medical care; the only apparent means of support will be the income from her portion of the division of property or the principal itself. Appellee, on the other hand, has a going business from which he derives approximately $600 per month, a home with no indebtedness thereon, and other assets; i. e., cash and a motor vehicle.

We have deliberately refrained from a discussion of the evidence as to the grounds of divorce and will so refrain. However, the record provides adequate evidence of the aggravated nature of the complaint to sustain a divorce on the ground of cruelty and even though the trial court noted in its decree that the cruelty was mitigated by the tragic accidental death of one of their children for which the parties apparently never forgot or forgave each other, the fact remains the divorce was granted upon the misconduct of the husband.

■ Though under our law an allowance of alimony to a divorced wife is not a statutory matter of right, the authority to grant such alimony is vested in a court of equity upon a showing of need and ability to pay. Such authority arises from the marital relationship and the obligation assumed by the husband to support his wife. Body v. Body, *supra*; Davis v. Davis, 279 Ala. 643, 189 So.2d 158.

■ The failure to exercise its judicial discretion when the need of the wife and the ability of the husband to pay is indisputably shown is arbitrary and capricious, especially if the divorce is granted upon the misconduct of the husband. Body v. Body, *supra*.

We therefore hold that in this instance the learned trial court erred to reversal when it failed to grant a reasonable sum to the wife as alimony from the income of the husband as such failure was an abuse of judicial discretion.

The final contention of appellant raised by assignment of error and proper argu-

**450**

ment is that the court erred when it failed to award any sum as a reasonable attorney's fee to appellant's attorney.

We do not deem it necessary to again restate the facts in this aspect of the appeal. The law in Alabama provides that an allowance for an attorney's fee in cases of this nature rests in the sound judicial discretion of the trial court. Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637. However, the factors to consider in making such an award is the labor and skill involved, the results of the litigation, and the earning capacities of the parties. In this instance, considering all the circumstances, we must hold that the failure to make any such award was an abuse of discretion.

While it is not necessary to this opinion as it is not properly presented to this court for review, we note that the trial court was not in error in granting joint custody and allowing the children to choose with whom they wanted to live.

Summarizing, we therefore affirm that portion of the decree granting the divorce (as there was no appeal from this aspect of the decree). We affirm that portion of the decree as it relates to the division of the property of the parties, both real and personal. We reverse that portion of the decree wherein no award for alimony was made and remand for a determination of a fair and just award of alimony based upon evidence presented to the trial court. We reverse and remand, for a determination based upon evidence presented to the trial court, that portion of the decree wherein no award was made for a reasonable attorney's fee for the attorney for appellant.

All assignments of error properly presented and argued having been considered, the case is

Affirmed in part and reversed and remanded in part.

WRIGHT, P. J., and BRADLEY, J., concur.