314 So.2d 76

**Hal Jeanne HARDWICK**

v.

**Macon N. HARDWICK.**

**Civ. 487.**

Court of Civil Appeals of Alabama.

May 28, 1975.

Ralph E. Slate, Decatur, for appellant.

John A. Caddell, Decatur, for appellee.

BRADLEY, Judge.

Appellee-husband commenced these proceedings by filing a complaint in the Circuit Court of Morgan County seeking a divorce from appellant-wife on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage. There was an answer and cross-bill filed by the wife, and the husband later answered the cross-bill. After a hearing, the court, sitting without a jury, dissolved the bonds of matrimony due to the irretrievable breakdown of the marriage. The decree also awarded the house, all the household furnishings, and a 1969 Pontiac automobile to the wife, and $150 per week to her as periodic alimony.

The appellee filed a motion for new trial. On the date set for the hearing, additional evidence was taken and a modified decree was rendered. In this decree the court made an award of alimony in gross as follows: $40,000 payable in four yearly installments of $10,000. The first installment was due within two months and the three remaining installments would bear interest at eight percent per annum. The provisions of the prior decree awarding the house, household furnishings and automobile to the wife were ratified by this decree. The appeal to this court is from the original decree and the decree rendered after the hearing on the motion for new trial.

Even though appellant filed six assignments of error, the thrust of her argument in brief is that the trial court erred in failing to award periodic alimony.

■ The award of alimony is discretionary with the trial court, but the exercise of such discretion is judicial, must not be arbitrary, and is reviewable on appeal. Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150, cert. den. 291 Ala. 782, 280 So.2d 155; Body v. Body, 47 Ala.App. 443, 256 So.2d 184.

The decree of the trial court provided that the award to the wife was alimony in gross. Appellant contends that the award was a property settlement rather than an award of alimony.

■ The indicia of alimony in gross are: (1) such alimony must have been unequivocally provided for in the decree; (2) the time of payment and the amount must be certain; and (3) the right to alimony must be vested. Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317. It has also been held that specific property of the husband can be awarded as alimony. Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808.

■ The trial court quite obviously intended that its award to the appellant be construed as alimony in gross, for it very plainly provided:

"[T]hat an award of alimony in gross should be made in this cause, including the house and lot, the furniture, and the automobile . . . plus a fixed sum of money to be paid in installments, rather than temporary or periodic alimony payments and that only alimony in gross should be award[ed] to her,

. . . . . .

". . . [S]aid alimony in gross here awarded to the defendant is vested in her, is not subject to modification and will survive the death of the plaintiff, . . ."

As can be seen from the cited portion of the decree, the criteria for alimony in gross as set out above has been met in this case.

The question now presented for resolution is whether the trial court arbitrarily refused appellant periodic alimony.

■ As has been said many times before, this court reviews the judgment of a trial court rendered after a hearing ore

tenus as if it were a jury verdict, and we will reverse only where, after considering all the evidence, the judgment is plainly and palpably wrong. Fultz v. Fultz, 47 Ala.App. 502, 257 So.2d 362.

The evidence reveals that appellant and appellee had been married for about twenty-eight years; had two children who were over twenty-one and married; that appellant had a B.S. degree in education from Auburn University, but had not taught since their marriage; that it would take two summers of refresher work to bring her teaching certificate up-to-date; that she could then earn $6,000 to $8,000 a year; that appellee had a high school education and had been in various business ventures during most of the time since high school; that he is in the real estate business now and has been for several years; that for the last two years or so of their married life appellant had worked in the library of one of the Decatur schools; that she is in fairly good health; that appellee owns real estate valued at approximately $300,000; that the accumulation of this estate resulted from gifts to appellee by his father and the reinvestment of the profits from successful business ventures; that appellee had a net income of $9,580 for 1973; that appellee has not had a single real estate commission in 1974; that his present business expenses average $620.89 per month and his cash income is $519.78 per month; that he has no cash inflow at the present time; that the house awarded to appellant is valued at $55,000 and is free of encumbrances; and the household furnishings are valued at $19,600.

The decision to award periodic alimony or to refuse such alimony must depend on the relevant facts in each case. Caldwell v. Caldwell, 54 Ala.App. 479, 309 So.2d 833. After a careful review of the evidence in this case, especially that evidence showing that appellee did not have sufficient cash inflow from which to pay periodic alimony, we conclude that the trial court's decision not to award periodic alimony is not plainly and palpably erroneous. Furthermore, the award of alimony in gross is within the boundaries of the evidence in this case and is likewise not plainly and palpably wrong.

In brief appellant cites us to our case of Horsley v. Horsley, *supra,* as authority for her argument that the trial court erred in failing to award periodic alimony.

The facts in *Horsley* show that the parties had been married for about twenty-four years, the husband was in the television repair business and had owned his own business for about fourteen years; that the children were eighteen and above; for the last five years the wife had worked in the television business without any additional compensation; that she had no outside income and was not trained to do anything special; that most of her married life had been spent raising a family and assisting her husband in his television work; that the wife was in ill health and needed an operation; that the husband was not indebted to anyone and had an income that averaged about $600 per month.

The facts in the case at bar show the wife to be educationally qualified to teach school, that she is in relatively good health; has an outside income and is capable of increasing her earnings; she was a housewife and did raise two girls, but did not participate in any of her husband's business ventures; the husband owned a lot of property which was acquired by gifts from his father, and good business practices; the properties, however, were all mortgaged to one degree or another; and at the time of the divorce were not producing very much net income.

It is readily apparent that the facts in the two cases are quite different and, consequently, would not permit the *Horsley* case to be apt authority for a similar decision in the case at bar.

The judgment, being free of error, is affirmed.

Affirmed.