HOLMES, Judge.
This is an appeal from the trial court’s decree modifying child support payments and eliminating a previously awarded sum of alimony in gross.
The appellant, hereinafter referred to as wife, appeals. The wife contends the trial court erred in reducing the amount of child support as there was not a sufficient change of circumstances to justify a modification. Additionally, the wife contends error in the trial court’s action which, in effect, eliminated a previously awarded sum of alimony in gross.
We affirm in part and reverse in part.
The parties were divorced in 1974. Incorporated into the decree of divorce was an agreement which in pertinent part provided as follows:
*1017 “(A) The Husband shall pay to the Wife for the support, care, maintenance and education of the minor children of the marriage, the sum of $400.00 per month, said sum to be paid to the Wife through the Domestic Relations Division of the Circuit Court.
“(B) The parties herein agree that because the proceeds of any sale of their home will be applied towards the business indebtedness of the Husband and because the Husband has several debts at the present time and is in poor financial condition, the Husband and Wife agree that the Husband shall execute a note in the face amount of $12,000.00; said amount to be considered as alimony in gross, to the Wife, with payments made as follows. A payment of $1,000.00 due and payable on December 31, 1975; a payment of $1,000.00 due and payable on December 31, 1976, and a like payment due and payable on the same date of each and every year thereafter until the date of December 31, 1980, at which time the entire balance of the in gross alimony payments shall be due and payable in full. The note shall by [sic] payable by Montgomery Hearing Aid Dispensary, Inc., and Alabama Corporation, and James C. Shepard, Jr., an individual, and signed and executed by both.”
Thereafter, the husband, appellee herein, filed a petition to modify and after a hearing ore tenus, the learned and distinguished trial judge in pertinent part found as follows:
“5.) The Agreement entered into by the parties on the 4th day of October, 1974, shall be modified in Section 4(A) of said Agreement to read as follows:
“ ‘The Husband shall pay to the Wife for the support, care, maintenance and education of the minor children of the marriage, the sum of $250.00 per month, said sum to be paid to the Wife through the Domestic Relations Division of the Circuit Court. Said payments to begin on January 1, 1976, and shall continue each and every month thereafter at the same rate until the Respondent is in a financial position to afford an increase in said payments.’
“6.) The Agreement entered into by the parties on the 4th day of October, 1974, shall be modified in Section 4(B) of said agreement to totally eliminate this entire section of Agreement concerning a $12,000.00 note payable from Montgomery Hearing Aid Dispensary, Inc., and James C. Shepard, Jr., to Roberta F. Shepard.”
Viewing the trial court’s decree with the presumption of correctness attendant in this type of case, Blankenship v. Blankenship, 266 Ala. 182, 94 So.2d 743, we find no abuse of discretion in reduction of child support.
While the evidence as shown by the record is hardly a paragon of clarity, there is evidence that the husband’s business, which is his source of income, has deteriorated since the original divorce decree. While the trial court’s action may not necessarily coincide with what this court would have done in the first instance, it is not our prerogative to substitute our own judgment for that of the trial judge. See Higgins v. Higgins, Ala.Civ.App., 336 So. 2d 194. Also, we note that in child support cases the judgment is never so final as to preclude a subsequent modification should circumstances warrant such action. Williams v. Williams, 54 Ala.App. 703, 312 So.2d 396.
We do find that the trial court erred in eliminating the alimony in gross. It is well settled in this state that alimony in gross, absent an express reservation of control in the decree, cannot subsequently be modified by the court. Hager v. Hager, 293 Ala. 47, 299 So.2d 743, on remand, 53 Ala. App. 740, 299 So.2d 751. Examination of the original decree reveals no such retention of control.
We do not agree with able counsel for appellee’s contention that the award of the $12,000 was not an award of alimony in gross. In fact each characteristic of the award strengthens the conclusion that it can be nothing other than alimony in gross. *1018 The amount and time of the payments are fixed with certainty. Hager, supra; Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317; Hardwick v. Hardwick, 55 Ala. App. 156, 314 So.2d 76; Blalock v. Blalock, 51 Ala.App. 686, 288 So.2d 747; Welch v. Welch, 49 Ala.App. 647, 275 So.2d 162. Moreover, the record reveals that the payments represented a division of the husband’s and wife’s interest in a home purchased during the tenure of their marriage. The courts of Alabama have recognized on numerous instances that “alimony in gross” often represents a settlement of property rights. Hager and Hardwick, supra. Additionally, the parties themselves termed the payments “alimony in gross,” thereby complying with one other criterion the courts have utilized in determining the true nature of payments awarded pursuant to a divorce decree. Montgomery, supra; Hora v. Hora, 46 Ala.App. 513, 244 So.2d 601. Here, each relevant factor, including the nomenclature affixed- to the payments by the parties themselves, leads us to conclude that the payments constitute alimony in gross. We therefore find the trial court erred in eliminating the award of alimony in gross.
Lastly, experienced counsel for appellant argues that the trial court’s decree “had the effect” of cancelling any arrearage of child support. Quite frankly, we have carefully perused the decree and find no such order by the trial court.
All issues having been duly considered by . this court, the case is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P. J., and BRADLEY, J., concur.