535 So.2d 164 (1988)
Nancy J. KUHNEL
v.
Eric B. KUHNEL.
Civ. 6285.
Court of Civil Appeals of Alabama.
April 27, 1988.
As Corrected on Rehearing June 1, 1988.
Certiorari Denied November 18, 1988.
*165 Stephen R. Arnold of Durward & Durward, Birmingham, for appellant.
Oliver P. Head of Wallace, Ellis, Head & Fowler, Columbiana, for appellee.
Alabama Supreme Court 87-1080.
HOLMES, Judge.
This is a divorce case.
Following ore tenus proceedings, the trial court divorced the parties and made a division of their property. The divorce decree did not include an award of alimony to the wife.
The wife appeals. We reverse and remand.
The wife contends that, given the circumstances of the divorce, her need for alimony, and her husband's capacity to pay it, the trial court abused its discretion in not awarding her alimony and in not awarding her an attorney's fee. We agree.
We have long held that the awarding of alimony and attorney fees is largely discretionary with the trial court, but that the exercise of such discretion must not be arbitrary and is subject to review on appeal. See, e.g., Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980); Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150 (Ala. Civ.App.1973). The manner in which the trial court exercises its discretion in such matters must be viewed in light of the evidence in each case in order to determine any abuse. Marr, 383 So.2d 194.
In making the determination regarding alimony, a trial court may consider such factors as the earning capacity of the parties, their future prospects, the ages and health of the parties, the duration of the marriage, the standard of living to which they became accustomed during the marriage, the value and type of property owned, and the conduct of the parties. Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985).
Generally, we have stated that the purpose of alimony is to preserve the economic status quo of the parties as it existed during the marriage. Carnaggio, 475 So.2d 861. Moreover, we have held that the failure to exercise judicial discretion to award alimony when the needs of the wife and the ability of the husband to pay are indisputably shown is arbitrary and capricious, especially where the divorce is granted upon the misconduct of the husband. Horsley, 50 Ala.App. 445, 280 So.2d 150.
Similarly, the factors considered by a trial court in making a determination regarding attorney fees include the earning capacity of the parties, the husband's financial circumstances, the wife's financial worth and income, and the nature of the conduct of the parties. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The evidence in this case shows that the parties enjoyed a marriage of more than thirty years prior to the divorce. In the course of the marriage five children were raised, various properties were accumulated, and a business was started which developed into a successful enterprise. The parties worked together in the businessthe husband presiding over and managing the highly specialized servicing of large air conditioning systems in contracts with national and international clients, the wife performing the secretarial and bookkeeping duties of the company. In 1983-1984, the business generated a yearly income of close to a million dollars, from which the husband drew a yearly salary of approximately $90,000, and from which the wife drew one of approximately $30,000.
In 1986, the wife's standard of living took a serious blow. She was informed by her husband that he was seeking a divorce, and they were subsequently separated. She was relieved of her job in the husband's business and, thereafter, sought employment elsewhere. After a fairly extensive job search at age fifty-two with a high school education and clerical experience, *166 she obtained employment for a yearly salary of less than $12,000.
As the record shows, the precipitating factor in the husband's decision to sue for divorce was his ongoing extramarital relationship with another woman. In fact, the wife was informed that she was being left for another woman and that the husband was taking the business and leaving town. Nevertheless, at trial the wife testified that she was willing to reconcile with her husband should he choose to do so.
In its decree the trial court divided the property of the parties. Primarily, the husband received the assets of the business, and the wife received the marital residence. The decree provided that, upon the sale of certain real estate, the parties would split the proceeds. It was estimated that the property would bring a total of approximately $70,000. In addition, the wife received a retirement account valued at $26,000 and the husband, a profit-sharing plan valued at $40,000.
While the trial court did not award the wife alimony, it did reserve the power to do so in the future. As the wife points out, however, it is difficult to imagine what change in circumstances she could allege barring her disability or unemploymentto satisfy the legal requirement for a modification of the decree.
At the time of trial she was earning a net salary of approximately $800 a month and had a total of $2,500 in the bank. On the other hand, despite a decrease in the earnings of his business, her husband was earning a net salary of approximately $3,000 per month. By any stretch of the imagination, neither the current financial circumstances nor the future financial prospects of the wife come close to comparing with those of the husband. Nor can it be ignored that it was the husband's actions which caused these circumstances.
In view of the above, the trial court abused its discretion in not awarding alimony to the wife in an amount at least sufficient for her to make her monthly mortgage payments of $309 on the marital residence. A more judicious decision, in our opinion, and in view of the facts noted,
would have awarded periodic alimony to the wife, thereby requiring the husband to modify because of changed circumstances. In fact, a similar suggestion was made by the husband's attorney in order that the wife might have a period of time to get back on her feet after the divorce.
Similarly, the trial court's decision that the wife was not entitled to an attorney's fee since she had a source of income seems to us an abuse of discretion in view of the facts. That is, her salary was minimal compared to her husband's, and her savings were by no means large. Again, it should be remembered that it was the husband who initiated the instant proceedings. We thus remand for the award of an attorney's fee. The trial court should consider an award of $1,000 as a reasonable attorney's fee.
In short, a productive marriage of more than thirty years was dissolved by the conduct of the husband, resulting in serious financial and personal disadvantages to the wife. Under these circumstances we cannot affirm the trial court's failure to award the wife alimony.
The wife has requested an attorney's fee for representation on appeal. A fee in the amount of $750 is hereby awarded.
This case is, therefore, reversed and remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.

ON REHEARING
HOLMES, Judge.
As the husband correctly notes in his application for rehearing, a trial court will not be reversed for failing to award an attorney's fee where there was no evidence presented as to the reasonable value of legal services rendered. Craddock v. Craddock, 453 So.2d 1321 (Ala.Civ.App. 1984); Dye v. Dye, 406 So.2d 420 (Ala.Civ. App.1981).
Since the record reflects no such evidence, this opinion is corrected to find that, contrary to what was expressed heretofore *167 regarding the attorney's fee for representation at trial in this case, the trial court's action in failing to award an attorney's fee is not reversed on appeal.
OPINION CORRECTED; APPLICATION FOR REHEARING GRANTED.
BRADLEY, P.J. and INGRAM, J., concur.