The wife appeals from a final decree of the trial court which divorced the parties and divided the property, but did not grant alimony to the wife or reserve the right to do so. We affirm in part and reverse in part.
The dispositive issue is whether the trial court erred in not awarding alimony to the wife.
We note that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and may be set aside only when it is determined to be plainly and palpably wrong.Euler v. Euler, 515 So.2d 710 (Ala.Civ.App. 1987). The grant of alimony is also a matter which rests in the sound discretion of the trial court, and the trial court's judgment will be reversed only on a showing of abuse of that discretion. Brannonv. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The trial court's decision, however, is subject to this court's review and revision. Kenchel v. Kenchel, 440 So.2d 567 (Ala.Civ.App. 1983).
The record indicates that the parties were married on May 22, 1985, that this is the fourth marriage of the wife and the third marriage of the husband, and that there were no children born of the marriage. The wife has a daughter by a prior marriage. At the time of the hearing the wife and her daughter were living with the wife's parents.
The wife was thirty-six years old at the time of the hearing, and testimony indicated that she had developed "chronic fatigue immune deficiency syndrome," which has rendered her unable to work and, at times, unable to function normally. The wife testified that she had some of the symptoms of the disease prior to the marriage, that the disease was diagnosed during the marriage, and that she is now unable to live alone. The wife had worked full-time as a cosmetologist since 1974, and she continued to work part-time after the marriage until May 1988.
The wife testified that her name is listed with her parents on two accounts totaling $27,000. She denied an ownership interest in the funds, but stated that she was to be able to use the funds to meet her parents' needs if something happened to them. The wife also testified that, because she was living with her parents, she had no expenses for rent or utilities; however, she would have expenses for a car payment, car insurance, gas and oil, clothes, cosmetics, premiums for medical insurance, food, and a contribution to the cost of utilities. She also testified in response to questioning that $850 would not be enough to meet her expenses if she lived alone.
The husband has worked with the same employer for twenty-three years and earned almost $50,000 in 1989. He testified that he had approximately $6,000 in cash, $11,000 in an IRA, part interest in a vacation home in Florida, and the marital residence, which he valued at $120,000 with mortgages of $33,000. The marital residence *Page 335 
dence was built on a lot that the husband owned at the time of the marriage.
The trial court ordered the marital residence sold, after the husband constructs a rear deck on the house and increases a mortgage by an additional $2,500 to pay for the cost of construction. It ordered the sale proceeds disbursed as follows: $80,000 to the husband, $1,500 to the wife's attorney, and payoff of the first mortgage debt and the extra $2,500 to construct the rear deck. The remaining balance is to be paid to the wife at the rate of $1,000 per month. The payoff of the second mortgage was not mentioned in the trial court's order. The wife was awarded an automobile, and the husband was ordered to satisfy the indebtedness on the automobile. The husband was awarded his investment and bank accounts. The wife was awarded "all rights" to bank accounts held jointly with her parents. The trial court recommended that the wife immediately file for Social Security benefits, SSI benefits, and Medicaid benefits.
The wife contends that the trial court erred in not granting alimony to her when she is unemployable and has a financial need and the husband has the ability to contribute to her needs. We agree.
Although the marriage was of relatively short duration — approximately five years at the time of the hearing — the wife now is unable to work due to poor health, while the husband earns approximately $50,000 a year. The husband also will receive the savings and $80,000 from the sale of the house, while the record reflects that there will be little remaining from the sale proceeds for the wife. Although it is possible that the trial court declined to grant alimony because of testimony that the wife might be eligible to receive benefits due to her disability, she had not applied for such benefits at the time of the hearing. We note that the wife's possible eligibility for benefits is not the proper criterion on which the denial of alimony should be based. The factors to be considered regarding the award of alimony are the earning capacity of the parties and their future prospects, the ages and health of the parties, the duration of the marriage, the standard of living during the marriage, the value and type of property owned, and the parties' conduct. Kuhnel v. Kuhnel,535 So.2d 164 (Ala.Civ.App. 1988). The purpose of alimony is to preserve the status quo of the parties, and the failure to award alimony is arbitrary and capricious where the needs of the wife and the ability of the husband to pay are shown. Id.
We are aware of the presumptions of correctness which attach to the trial court's findings involving the grant of alimony. However, in view of the great disparity in the parties' earning capacity and future prospects and the wife's health, we find that the trial court erred in not granting alimony to the wife. Therefore, this case is affirmed in part, reversed in part, and remanded for the trial court to reconsider the grant of alimony to the wife in light of the factors stated above and for final disposition of the second mortgage indebtedness.
The wife requests an attorney's fee for representation on appeal. This request is granted in the amount of $600.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.