RUSSELL, Judge.
The wife appeals from the trial court’s judgment divorcing the parties, awarding the wife periodic alimony of $300 per month for two years, awarding the husband the savings (or retirement) plan with his employer, and ordering the wife to pay $105 per month in child support. We affirm in part, reverse in part, and remand.
We initially note that a presumption of correctness automatically attaches to the trial court’s judgment when it follows the presentation of evidence ore ten-us. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). In addition, the determination of the award of alimony is within the discretion of the trial court, and the judgment will be set aside only when that discretion is abused. Cliett v. Cliett, 564 So.2d 997 (Ala.Civ.App.1990). However, the trial court’s judgment is subject to review and revision. Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991). Among the factors to be considered when awarding alimony are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Id.
In the absence of a transcript, a statement of the evidence, pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, was submitted to the trial court by both the wife and the husband. After objection by the husband, the wife’s statement was approved by the trial court.
The Rule 10(d) statement indicates that the parties had been married for twenty-four years at the time of the hearing. The husband was forty-seven years old in November 1991, and the wife was forty-six years old in October 1991. When the par *727 ties first married, the wife worked full time, and the husband attended college at night and worked during the day. Then the wife held various part-time jobs, while the husband attained a degree in engineering. The wife recently completed a course at a technical school and is employed as a hospital aide.
Both parties are in good health. Three children were born of the marriage; the oldest is twenty-two and does not live at the home, the next oldest, aged nineteen, is a sophomore in college, and the youngest child is fifteen years old. The parties stipulated that the youngest child would live with the husband and that, according to the child support guidelines, Rule 32, Alabama Rules of Judicial Administration, if the trial court ordered child support to be paid by the wife, the amount would be $105 per month.
The wife testified that about ten or eleven years preceding the divorce, the husband began a pattern of mental and physical abuse and an increasing consumption of alcohol and habitual drunkenness. She stated that he would strike her with his fist and, on occasion, shut her in a closet or washroom. She testified further that, as a result of the situation, she suffered from a condition called co-dependency and that she attended counseling and Alcoholics Anonymous.
The husband denied that he had committed any abuse against the wife. He also testified that the wife abused him by pouring a solution of Clorox and water in his ear and that, although he suffered from it for about six months, he sustained no permanent damage from the incident. The wife testified that the incident with the Clorox was in response to abusive acts by the husband.
The parties’ nineteen-year-old daughter testified that she had never seen her father hit her mother.
The husband testified that he earns approximately $60,000 per year and receives yearly raises of four to five percent. He received a bonus of $1,200 in 1991. He has a vested interest in a retirement fund with a previous employer, which should pay a monthly benefit of $324 at age sixty-five. He will receive an additional monthly retirement benefit of $400 if he works for his present employer until age sixty-two. He further testified that he contributes approximately $300 to a “savings and investment plan” (plan) that has an approximate present value of $23,000. The wife requested an award of money based on the value of the plan.
The marital assets consist of the marital residence, vehicles, furnishings, savings accounts, and the savings and investment plan. The husband’s counsel indicated to the court that the wife would receive a cash settlement of $25,000 to $35,000 for her interest in the marital home. The parties had previously stipulated that the home was to be “disposed of” and that each party would receive an equal share of the equity. The other assets were to be divided, and the court was asked to decide about the division of the plan.
The wife nets approximately $246 every two weeks in salary. She indicated that she would need at least $1,000 per month in alimony and that, even at that level, her standard of living would be considerably diminished.
The husband testified that he needed all his funds for himself and the child. He stated that it would cost him $8,000 per year to send his adult daughter to school. It had been stipulated that funds set aside for the children’s education would be used for that purpose. The husband further testified that he needs child support so that he and the child can maintain their “accustomed standard of living.”
The wife contends that, based on the factors to be considered by the trial court, the trial court abused its discretion in the award of alimony and in the division of property. The husband argues that the conduct of the wife supported the trial court’s judgment in limiting the alimony. However, in view of the need demonstrated by the wife and the earnings of the husband, we find that the evidence presented in the Rule 10(d) statement approved by the trial court does not support the stringent grant of alimony. The husband is *728 earning over $60,000 a year, and he expects increases each year. In addition, money is being placed into his retirement plans. In comparison, the wife nets $6,396 a year. Considering the length of the marriage, the great disparity in the earnings, and the future earning prospects of the husband and the wife, we hold that the trial court erred in awarding the wife only $300 per month alimony for two years.
Regarding the award of the assets of the plan to the husband, we are unable to determine the nature of the plan from the evidence presented; therefore, we must affirm the trial court as to this part of its judgment. Nadreau v. Nadreau, 396 So.2d 1017 (Ala.Civ.App.1981).
Based on the above, the trial court’s judgment is affirmed in part and reversed in part, and the cause is remanded for the trial court to grant alimony to the wife considering the ability of the husband to pay and the needs of the wife.
The wife’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.