L. CHARLES WRIGHT, Retired Appellate Judge.
Following oral proceedings, the Circuit Court of Mobile County entered a final divorce decree dividing the parties’ property and awarding the wife periodic alimony. The wife appeals. She insists that the property division and the award of alimony were made in error.
The award of alimony and the division of property are matters which are in the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The trial court’s judgment, however, is subject to review and revision. Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App.1991). When making an award of alimony or a division of property, factors which the trial court should consider are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
The record reflects that the parties were married for 34 years. Three children were born of the marriage. At the time of the divorce all the children had reached the age of majority. The parties’ youngest child was 19 years old and enrolled at the University of Alabama.
At the time of the hearing the wife was 53 years old and in good health. She has a high school education. For a majority of the marriage she did not work outside the *924 home. At the time of the hearing she was working part-time at a department store, earning approximately $84 per week.
The husband owns 50% of an engineering and surveying business. In 1990 he reported taxable income of $91,295. In 1989 his taxable income was $78,000. In 1988 it was approximately $60,000. The amount of his taxable income for 1991 was in dispute. The husband is in good health.
The wife initiated the divorce proceedings. The husband filed a counterclaim. Both parties alleged that there was such an incompatibility of temperament between them that they could no longer live together. The husband admitted that he had indulged in extramarital affairs with “five or six” women during the course of the marriage. The husband testified that the parties’ financial difficulties led to the breakdown of the marriage. He specified that the reasons they had experienced financial difficulties was because of the wife’s overspending.
The parties have lived in the marital residence for 31 years. The home is appraised at $83,000. The indebtedness on the home is $33,500. The monthly payment on the indebtedness is approximately $400.
The husband presented a plan to the court, in which he offered to pay all the debts of the marriage, including the indebtedness on the home, if he could refinance the mortgage on the home. He proposed that he be allowed to obtain a $70,000 mortgage to be paid within 25 years.
' The court granted both parties the divorce. The husband was ordered to pay $600 per month in periodic alimony; to maintain medical insurance for the benefit of the wife under the terms of COBRA; to name the wife as beneficiary of his life insurance policy; and to be responsible for all the debts of the marriage. The trial court allowed the wife to retain possession of the marital residence. Title was to remain in the parties’ joint names pending the husband’s payment of the outstanding mortgages, at which time he would be required to convey his interest to the wife. The trial court authorized the husband “to place a mortgage on the homeplace sufficient to pay off existing debts.” The husband agreed to pay to the wife $3,000 for attorney fees.
The wife contends that the trial court erred in allowing the husband to mortgage the marital residence in order to pay the debts of the marriage. She further asserts that the trial court’s award of $600 per month in periodic alimony was inequitable.
We find that the method used by the trial court in effecting the division of property results in a gross inequity to the wife. The husband’s proposal to refinance the mortgage includes a 25-year payment plan. The wife will be 78 years old before she receives title to the home. The wife, after 34 years of marriage, the majority of which she spent raising the parties’ three children, is entitled to some security. Considering the duration of the marriage and the future financial prospects of the parties, we find the divorce decree, enabling the husband to further encumber the home of the wife, so unjust to the wife as to be an abuse of discretion. It permits the husband to mortgage the homestead of the wife to such an amount as to practically eliminate any equity she may have. It denies to her any chance to sell the home should the husband cease paying the mortgage. Accordingly, we remand the case to the trial court to set aside its order as it pertains to the marital residence. The trial court is directed to immediately vest title of the marital home in the wife and to require the husband to pay the present mortgage indebtedness against the home as the payments are due. The husband should continue to be responsible for the debts of the marriage. With his income and a profitable business, he should be able to arrange means to pay those debts other than to increase the eharge against the home.
Considering the other provisions of the decree and the directed revision of the decree, we find the award of alimony to be presently reasonable.
This judgment is due to be affirmed in part and reversed in part, and the case *925 remanded for entry of an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.