PER CURIAM.
After almost 30 years of marriage, G.W. Hewitt sued, and Judy Hewitt counterclaimed, for divorce. On September 21, 1992, following an ore tenus hearing, the trial court divorced the parties, effecting a property division. The wife appeals, contending that the trial court abused its discretion in its division of property and in failing to award periodic alimony. We agree and reverse and remand.
At the time of the divorce, the husband and wife were 67 and 51 years old, respectively, and both were totally and permanently disabled. The four children of the marriage were adults.
At the time of the marriage, the husband and wife were 35 and 18 years old, respectively. Early in the marriage, the husband deeded property that he had owned before the marriage to himself and his wife as joint tenants with the right of survivorship. The parties also acquired substantial property during the marriage and at the time of the divorce they owned a total of 825 acres of realty, valued at between $553,900 and $637,-500. Other major assets of the marriage included the marital home, valued at between $115,000 and $118,000, savings, and a life insurance policy, valued at $121,198.62. The parties also owned 40 head of cattle, certain farm and other equipment, and substantial household furnishings. Timber on their land was valued at $142,000.
There was lengthy contested testimony about the conduct of the parties during their marriage. Most of that testimony concerned the wife’s behavior shortly before the parties separated, and the wife’s alleged abusive discipline of the children when they were young. The trial court held:
“Clearly, fault in bringing on the final separation cannot be blamed totally on Mrs. Hewitt. However, the Court is satisfied that Mrs. Hewitt’s conduct during the course of the marriage was the primary cause of the dissolution of the marriage. Both of the parties worked very hard during their marriage. Unfortunately, both of them are unable to work and each receives a disability check.”
The wife was receiving $162 in Social Security benefits and the husband was receiving $440 in Social Security benefits and $1140 in workmen’s compensation benefits.
The final judgment recognized that the property acquired before the marriage (some 425 acres) was used for the benefit of the parties and that the marital home was located on it. The husband was awarded all rights, title, and interest in the real property that he had owned before the marriage. The wife was awarded $86,150 as her interest in all of the remaining realty. The order stated, “The above disposition of property is specifically designated as a property division. Based on the testimony, the Court will not make an award of either alimony in gross or periodic alimony.” The wife received $60,-599.31 as her half of the savings.
The wife first contends that the trial court abused its discretion in giving the husband all of the realty, including the marital home. She argues that the property was jointly owned and was, therefore, subject to equitable distribution.
*1384 We recognize the presumptions of correctness following ore tenus proceedings, and we recognize that, absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court, Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). Nevertheless, from a careful review of the lengthy record we conclude that we must reverse the property award in this case.
The exercise of discretion by the trial court is based upon equitable principles and is thus subject to review on appeal if a party contends that the result is arbitrary and unjust. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App.1980). Here, the evidence failed to establish that the wife’s conduct was sufficient to preclude her from an equitable share of the marital property. During the almost 30-year marriage, the wife reared four children, while operating a beauty shop and helping to manage a family store. She also contributed in making improvements to the original marital home and later helped in rebuilding the home after it was destroyed by fire.
The husband spent “long days” away from the home, and the responsibility of rearing the children was left primarily to the wife. Although the testimony was disputed as to whether the wife abusively disciplined the children when they were young, it was undisputed that the husband knew of and acquiesced in, or condoned, the wife’s child-rearing practices. No formal charges of abuse were ever filed. The husband cannot, at this late date, point to the wife’s alleged abusive treatment of the children as the cause of the breakup of the marriage.
Testimony revealed that abnormal behavior on the part of the wife immediately before the separation was clearly related to her surgery for the removal of a brain tumor, and to problems with her nerves, for which she was taking prescribed medication. Additionally, two of the parties’ adult sons had moved back into the marital home. The wife testified that their late-night coming and going, and physical threats made to her by one son, were finally more than she could take and that she moved out. At the time of the final hearing, one son was in hiding from law enforcement officers because of drug charges. Another son had served time in jail for burglarizing his sister’s home. Testimony throughout the trial established the severe strain that the children’s behavior placed on this marriage.
A trial court, in dividing property and setting an alimony award, is free to consider the unique circumstances of the individual case. Factors to be considered include the future prospects of the parties, their ages, health, and station in life, the length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
These parties had enjoyed a comfortable home and substantial assets, and the hard work of both parties contributed to that lifestyle. To uphold the trial court’s division of the marital assets would be manifestly unjust.
Concerning the next issue, we note that the inequity of the property division is exacerbated by the trial court’s failure to award alimony to the wife. The purpose of alimony is to preserve the status quo of the parties. The failure to award alimony, although discretionary, is arbitrary and capricious when the needs of the wife are shown to merit an award and the husband has the ability to pay. Seamon v. Seamon, 587 So.2d 333, 335 (Ala.Civ.App.1991); Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150 (Ala.Civ.App.), cert. denied, 291 Ala. 782, 280 So.2d 155 (Ala.Civ.App.1973). An award of alimony and a division of marital property must be equitable under the circumstances of the case. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988).
The trial court’s order is inequitable and therefore constitutes an abuse of discretion. At the time of the trial, the wife, with $162 per month in Social Security income, was living in a small, rented apartment and had established expenses of $515, which included rent, telephone, other utilities, and medical expenses. Although both parties are totally and permanently disabled, the husband receives $1580 per month in workmen’s compensation and Social Security benefits.
*1385 Further, he has the ability to earn additional income from raising cattle, selling firewood and timber, operating the fishponds located on the property, and conducting other business ventures that he had been involved with over the years, including the operation of a store located on the property.
Having found an abuse of discretion by the trial court, we reverse the judgment and remand for the trial court to equitably divide the parties’ real estate and to award or to reserve the right to award reasonable periodic alimony.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.