23 So.2d 867

### MUTUAL SAV. LIFE INS. CO. v. OSBORNE.
### 8 Div. 334.

Supreme Court of Alabama.
Nov. 23, 1945.

C. L. Watts, of Huntsville, opposed.

S. A. Lynne, of Decatur, for petitioner.

FOSTER, Justice.

The matters considered by the Court of Appeals in their opinion in this case do not seem to need discussion on our part, except in one respect in view of what was held on two former appeals in the same case. That is, as to whether a claim in an action for deceit under circumstances of this case bears interest.

On that general proposition it may be said that this Court has adopted the view that in tort actions, such as for damages on account of injury sustained to property, a claim will bear interest if it has an ascertainable money value, and the amount of that value measures the extent of recovery. Atlanta B. Air Line Rwy. Co. v. Brown, 158 Ala. 607, 48 So. 73; Mobile & O. R. R. Co. v. Williams, 219 Ala. 238 (21-22), 121 So. 722; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662.

A statement of that principle would exclude the right to interest in tort actions on other claims, and especially where the claim embraces punitive damages. So that we may say that in answer to the question of whether in this case the plaintiff was entitled to interest prior to judgment depends upon whether or not his cause of action as set forth in the complaint and as proven justifies a recovery of punitive damages.

Punitive damages are recoverable in this action for deceit when defendant is guilty of "gross fraud," but not otherwise. Southern Bldg. & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

In the case of Cartwright v. Hughes, 226 Ala. 464, 147 So. 399, we sustained without discussion a claim for interest in an action

254

of deceit where the plaintiff had been induced by fraud to part with his money in the purchase of property without proof of matters which justify punitive damages although one count of the complaint contained such allegations.

It is our view that if the complaint does not contain those allegations, or if it does and the evidence fails to support them so that the ordinary measure of damages must be given effect, interest should be added from the time of the commission of the tort. When applying that question to the one at hand, we must determine, first, whether the complaint contains allegations which justify a recovery for punitive damages or for any damages not measured by a pecuniary standard.

The opinion of the Court of Appeals does not set forth the complaint or its substance as applicable to this question. In reviewing an opinion of the Court of Appeals on certiorari, it has been the policy of this Court to look at the original record for a more complete understanding of the matters which are discussed in the opinion, but not for the purpose of settling any disputed question of fact or of reviewing the Court of Appeals in respect to its finding of facts. Cranford v. National Surety Co., 231 Ala. 636, 166 So. 721.

It would be strictly in accordance with our rule in this case to examine the record for the purpose of seeing whether or not the allegations of the complaint justify a recovery of damages not measured by a pecuniary standard fixed by law, that is to say whether or not the allegations of the complaint justify a recovery of punitive damages. Upon making such an examination of the record, we find no allegation in the complaint equivalent to that of gross fraud or which justifies the recovery of punitive damages.

We are in accord therefore with the Court of Appeals that the judgment of the trial court should be sustained in allowing interest on plaintiff's claim.

We are reminded at this time of a line of cases which we have in this State to the effect that a defendant cannot plead set off on account of a claim for fraud and deceit in any respect except it be in the nature of recoupment. This is on the theory that for the purpose of set off the cause of action is to be determined from its nature as contemplated by section 350 and as defined by section 351, Title 7, Code. It has been held that a defendant who has such a claim of fraud and deceit cannot for the purpose of set off eliminate a claim for punitive damages and thereby designate his claim as one authorized by section 350, supra, to be a proper set off. So that in approving the authority of one who has been defrauded in bringing an action for deceit to so shape his claim as to justify a recovery with interest, we are not unmindful of the principle that he cannot change the nature of his claim so as to justify him in pleading set off when he is being sued on some other cause of action. The authorities in this State are clear on that question. Walker v. McCoy, 34 Ala. 659; Nelms v. Hill, 85 Ala. 583, 5 So. 344; Norton v. Bumpus, 221 Ala. 167, 127 So. 907; Fidelity-Phenix v. Murphy, 226 Ala. 226, 146 So. 387.

For the reasons which we have stated, we feel that no useful purpose could be served by issuing a writ of certiorari. It is therefore denied.

Writ denied.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.