81 So.2d 328

**BARBER PURE MILK COMPANY**

v.

**Willie YOUNG.**

**6 Div. 716.**

Supreme Court of Alabama.

May 19, 1955.

Rehearing Denied June 23, 1955.

Sadler & Sadler, Birmingham, for petitioner.

Abele & Witcher, Birmingham, opposed.

LAWSON, Justice.

This damage suit was brought in the circuit court of Jefferson County by Willie Young against Barber Pure Milk Company, a corporation hereafter referred to as the petitioner.

Young's claim for damages was based on the averment that the petitioner negligently caused a large quantity of water to flow over and upon the premises which he occupied in the city of Birmingham, thereby doing injury to some of his personal property and making his place of abode less comfortable and convenient.

Young recovered a judgment in the sum of $500, which judgment was affirmed by the Court of Appeals.

Writ of certiorari was issued out of this court on the application of petitioner to review the opinion and judgment of the Court of Appeals.

At the time the writ was issued the writer entertained the view that the Court of Appeals held that the evidence was sufficient to support a finding by the jury that the injury to Young's property resulted from the negligent manner in which the ditch was constructed and that petitioner was liable although all of the work incident to the construction of the ditch was done by an independent contractor.

However, upon a more careful reading of the opinion it appears that the Court of Appeals held that the evidence was sufficient to support a finding that petitioner was negligent in having the ditch constructed according to the plans and specifications submitted to the contractor. There is no language in the opinion of the Court of Appeals expressly stating that the independent contractor was negligent in the manner in which he constructed the ditch and, on the other hand, it appears that the conclusions reached by the Court of Appeals that the affirmative charge was properly refused petitioner by the trial court is based in the main on the following statement: "As to whether the appellant should reasonably have foreseen that substituting a straight channel with freshly dug and unprotected banks, in lieu of a meandering long existent channel, with a consequent increase in the velocity of the water so concentrated, and with a natural increase in

the mud, silt, and debris carried, would result in clogging the culvert into which both the old and the substituted channel were connected, was a question of fact properly submitted to the jury."

We must look to the opinion of the Court of Appeals for the facts, Barnes v. State, 244 Ala. 597, 14 So.2d 246, and the opinion hereunder review does not purport to set out all of the facts in the case.

It is well settled that on certiorari we do not examine the evidence shown by the record to see if it supports conclusions of the Court of Appeals on the effect of it. Mutual Savings Life Ins. Co. v. Osborne, 247 Ala. 252, 23 So.2d 867. We cannot therefore say that the Court of Appeals was in error in holding that the trial court correctly refused the general affirmative charge requested by the petitioner and in overruling the grounds of petitioner's motion for a new trial to the effect that the verdict was contrary to the great weight and the great preponderance of the evidence.

The Court of Appeals held that defendant's requested charge number 8 was properly refused on the ground, among others, that the principle therein sought to be enunciated was adequately covered in the court's oral charge. Whether or not the charge was covered by the oral charge of the trial court is a question of law presented for decision by this court. Brown v. State, 249 Ala. 5, 31 So.2d 681. We have examined the oral charge of the court and agree with the holding of the Court of Appeals that because of the oral charge the trial court did not err in refusing charge number 8.

Although we are of the opinion that the judgment of the Court of Appeals must be affirmed, we wish to point out our disagreement with certain statements contained in the opinion which do not affect the result.

It is said in the opinion of the Court of Appeals as follows: "Obstructing the flow of waters, so as to divert its natural flow and thereby work injury to the properties of another will, *if the obstructions result from negligence,* constitute a tort in the nature of a private nuisance. Mobile & O. R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606." (Emphasis supplied.)

Actually the holding in the case last cited is as follows [218 Ala. 582, 119 So. 608]: "Obstructing the flow of waters, *so as to divert same from its natural flow* and thereby work injury to the properties of another, is a tort in the nature of a private nuisance. The law charges the tortfeasor with the duty to avoid such result. No express averment or proof of negligence is required. (Authorities cited.)"

The opinion of the Court of Appeals contains language which indicates that principles which apply to the diversion of streams are different from those which apply to the diversion of surface waters. Aside from any question of the rights of riparian owners to the use of streams which flow through their lands, there is no difference in this state between the principles applicable to running streams and surface waters. Savannah, A. & M. Ry. v. Buford, 106 Ala. 303, 17 So. 395.

The judgment of the Court of Appeals is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.