**280 So.2d 155**

**In re Dortha Lee HORSLEY**

**v.**

**John Henry HORSLEY.**

**Ex parte John HORSLEY.**

**SC 410.**

Supreme Court of Alabama.

June 28, 1973.

Caine O'Rear, Jr., Jasper, for petitioner.

James E. Wilson, Jasper, for respondent.

BLOODWORTH, Justice.

Petition of John Horsley for writ of certiorari to the Court of Civil Appeals to review and revise judgment and decision of that court in Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150 (1973) is denied.

In denying the petition for writ of certiorari in this case, this court does not wish to be understood as approving or disapproving all of the language used or the statements of law made in the opinion of this case in the Court of Civil Appeals. See Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Opelika Coca-Cola Bottling Co., Inc. v. Johnson, 286 Ala. 460, 241 So.2d 331; Cooper v. State, 287 Ala. 728, 252 So.2d 108; and Winn-Dixie Montgomery, Inc. v. Brindley, 289 Ala. 755, 266 So.2d 150.

Writ denied.

HEFLIN, C. J., and McCALL and FAULKNER, JJ., concur.

COLEMAN, J., concurs specially.

COLEMAN, Justice (concurring specially):

In the instant case, it appears from the opinion of the Court of Civil Appeals that decree was rendered in favor of the wife granting divorce on the ground of cruelty. The Court of Civil Appeals held that the action of the trial court in granting the wife "no award of alimony was arbitrary," and reversed.

The allowance of alimony in the instant case is authorized by Title 34, §§ 31, 32, Code 1940, which recite:

"§ 31. . . . Allowance to wife on decree of divorce.—If the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce at his discretion may decree to the wife an allowance out of the estate of the husband, taking into

consideration the value thereof and the condition of his family. . . ."

"§ 32. . . . Allowance when decree in favor of wife.—If the divorce is in favor of the wife for the misconduct of the husband, the judge trying the case shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify, and if an allowance is made it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case. . . ."

With respect to granting alimony and attorney's fees this court has said:

"The granting of alimony, including the allowance of attorneys' fees, is, of course, within the sound judicial discretion of the court to be regulated by many factors, such as the husband's ability to pay, the wife's station in life, her financial worth and income, the nature of the conduct of the respective parties, etc.—Russell v. Russell, 247 Ala. 284, 24 So.2d 124; Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Morgan v. Morgan, 203 Ala. 516, 84 So. 754; Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Code 1940, Title 34, §§ 32, 33. . . ." Davis v. Davis, 255 Ala. 488, 493, 51 So. 2d 876, 880.

The husband applies for certiorari and asserts that the Court of Civil Appeals erred in holding that ". . . the learned trial court erred to reversal when it failed to grant a reasonable sum to the wife as alimony from the income of the husband as such failure was an abuse of judicial discretion."

In order to determine whether the Court of Civil Appeals is correct in its holding as aforesaid, this court would necessarily be required to review the evidence in the transcript which was before the Court of Civil Appeals.

"It is well settled that on certiorari we do not examine the evidence shown by the record to see if it supports conclusions of the Court of Appeals on the effect of it. Mutual Savings Life Ins. Co. v. Osborne, 247 Ala. 252, 23 So.2d 867. . . ." Barber Pure Milk Company v. Young, 263 Ala. 100, 102, 81 So.2d 328, 330.

This court has denied certiorari to review judgment of the Court of Appeals where review would involve a consideration of evidence not set out in the opinion. City of Prichard v. Harold, 237 Ala. 277, 186 So. 504.

". . . this court on certiorari to review an opinion and judgment of an intermediate appellate court does not review the evidence as contained in the record to determine for ourselves what were the facts of the case. We act upon the finding of facts as made by the intermediate appellate court. . . ." Humphrey v. Boschung, 287 Ala. 600, 605, 253 So.2d 769, 772, 773. See cases cited in Ala.Digest, Certiorari, ⊂⊃68.

For the reason stated in the authorities cited I concur in the denial of the application for certiorari.