Melissa Green sued her employer, Golden Poultry Company, Inc., for workers' compensation benefits for a herniated cervical disc she claimed to have sustained as a result of her work as a chicken trimmer. The trial court found that Green's disc injuries were caused by degenerative disc disease and were not work-related; therefore, the trial court held Green not entitled to workers' compensation benefits. The Court of Civil Appeals reversed, holding that the trial court had failed to consider whether Green's work activities had aggravated a preexisting condition, and it remanded the case for the trial court to determine the degree of Green's disability. Green v. GoldenPoultry Co., [Ms. 2980090, April 2, 1999] 772 So.2d 1172
(Ala.Civ.App. 1999). We reverse and remand.
 I.
Green sought workers' compensation benefits for a disability she claimed was due to a herniated cervical disc. She had begun working as a trimmer for Golden Poultry in September 1992. Her job involved jerking the thigh bone away from the chicken and cutting the bone out of the *Page 1176 
thigh as the chicken moved on a belt. After severing the thigh, Green used scissors to cut away the knuckle and cartilage before throwing the thigh on the belt. Green held the scissors in her right hand at all times and used her left hand to grab the thigh. She trimmed approximately 10 birds a minute during an eight-hour shift. It was not uncommon for employees in the trimming department to complain of aches and pains.
In September 1994, Green was experiencing pain in her neck and left shoulder. The pain gradually increased. By March 1995, Green began to experience severe pain in her neck and shoulder. On March 13, she reported to her supervisors that she had a cold sensation, numbness, and discoloration in her left hand. Green went to the emergency room that night, and she was taken off work for 10 days. In June 1995, Green's treating physician, Dr. Fisher, noted that Green was "suffering from a chronic inflammatory process that causes pain and is secondarily aggravated by her activities at work." Dr. Fisher subsequently determined that Green suffered from a herniated disc. Thus, when Green was allowed to return to work, she was restricted from lifting or carrying anything weighing over 20 pounds and from engaging in overhead activities. For approximately seven months, Green worked on light-duty status, moving from job to job because of her physical limitations. In October, she was instructed to take medical leave because of the severity of her pain.
In January 1996, Green underwent an anterior diskectomy. She continued to seek treatment for her neck, shoulder, and hands, and remained on medication. Green also sought treatment for psychological problems arising from the pain. Her counselor testified that because of her physical and psychological conditions, she would not be able to work in the future.
In 1998, Green again sought treatment from Dr. Fisher for neck pain. Dr. Fisher's notes stated that Green suffered from degenerative disc disease that was not a result of her work activities, but that her work at Golden Poultry "may have temporarily exacerbated the symptoms associated with her degenerative disc disease in her neck." According to Green, she had never had problems with her neck and shoulder before working for Golden Poultry. She also testified that no specific incident caused her injury.
The trial court found that Green's disc injuries were caused by degenerative disc disease and not by any work-related injuries; therefore, it held, she was not entitled to workers' compensation benefits. The Court of Civil Appeals reversed, holding that "[t]he trial court failed to consider whether Green's work activities aggravated or exacerbated a pre-existing condition," and it remanded the case for the trial court to determine "the degree of Green's disability," i.e., the extent of a compensable injury. 772 So.2d at 1174.
II. Golden Poultry argues that on its review the Court of Civil Appeals impermissibly weighed the evidence. The applicable standard of review in workers' compensation cases is set forth in Ala. Code 1975, § 25-5-81(e), which provides in pertinent part:
 "(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 "(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
It is well "settled that the trial court's findings on disputed evidence in a workers' compensation case are conclusive." Exparte Ellenburg, 627 So.2d 398, 399 (Ala. 1993). Moreover, the 1992 amendments to the Workers' Compensation Act "did not alter the rule that [the Court of Civil Appeals] does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., *Page 1177 655 So.2d 1012, 1014 (Ala.Civ.App. 1995).
The Court of Civil Appeals determined that the trial court had applied an erroneous standard in determining whether Green's injury was compensable. Concluding that "[t]he trial court failed to consider whether Green's work activities aggravated or exacerbated a pre-existing condition," 772 So.2d at 1174, the Court of Civil Appeals remanded for a "determination of the degree of . . . disability" Green had suffered, thereby implicitly determining that Green had met her burden of proof under the correct test.
The Court of Civil Appeals is authorized to determine whether the trial court's decision is supported by sufficient evidence, but it is not authorized to independently weigh the evidence. SeeEx parte Alabama Ins. Guar. Ass'n, 667 So.2d 97, 99 (Ala. 1995) (holding that the Court of Civil Appeals committed reversible error in reweighing the evidence in a workers' compensation case). Accordingly, the Court of Civil Appeals erred when it weighed the evidence instead of remanding the case for the trial court to determine "whether Green's work activities aggravated or exacerbated a pre-existing condition," Green v. Golden Poultry, 772 So.2d at 1174, and, if so, to what extent.[1] See Exparte Alabama Ins. Guar. Ass'n, 667 So.2d at 99.
 III.
The judgment is reversed and this case is remanded for the Court of Civil Appeals to direct the trial court to determine whether Green met her burden of proving that her work activities aggravated or exacerbated a preexisting condition so as to produce a disability, and, if so, for further orders or proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Golden Poultry also argues that the Court of Civil Appeals applied the wrong standard of proof when it weighed the evidence, and that the Court of Civil Appeals' construction of the Workers' Compensation Act denies Golden Poultry equal protection of the law. Our conclusion makes it unnecessary to discuss these issues.