802 So.2d 273 (2001)
Ex parte State of Alabama.
(Re Ricky HUNTER v. STATE).
1000513.
Supreme Court of Alabama.
May 11, 2001.
Bill Pryor, atty. gen., and Joseph G.L. Marston III, asst. atty. gen., for petitioner.
*274 Submitted on petitioner's brief only.
Prior report: Ala.Cr.App., 802 So.2d 265.
BROWN, Justice.
The petition for the writ of certiorari is denied.
In denying the petition for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Criminal Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973).
WRIT DENIED.
HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
MOORE, Chief Justice (dissenting).
The Court of Criminal Appeals reversed the conviction of Ricky Hunter for first-degree robbery and second-degree assault. See Hunter v. State, 802 So.2d 265 (Ala. Crim.App.2000). A majority of this Court has decided to deny the State's petition for certiorari review. Because I would reverse the judgment of the Court of Criminal Appeals, I dissent from the order denying the writ.
The State's evidence at trial established that on the night of January 7, 1997, Darius Gamble, the victim, was sitting in a parked car, on the passenger's side, in front of a house; he was waiting on friends. It is unclear whether the window of the car was down or whether the car door was open. Gamble testified that Ricky Hunter ran up to the passenger's side of the car with a gun, demanded money from Gamble, and began beating Gamble over the head with the gun. Gamble stated that he gave Hunter his money and his wallet, but that Hunter demanded more and continued to hit him over the head. Gamble testified that Hunter threatened to kill him. Gamble managed to pull out a gun he had been carrying; when Hunter saw Gamble's gun, Hunter ran away, firing shots at the car as he ran.
Anne Crawford testified at Hunter's trial that on December 22, 1996, approximately two weeks before the robbery of Gamble, she and her family were at a cemetery, visiting her father's grave. Crawford stated that Hunter approached her husband with a gun and demanded his wallet and his keys. She said that Mr. Crawford gave Hunter the wallet and keys and that Hunter drove away in the Crawfords' car. The Court of Criminal Appeals reversed Hunter's conviction because of Crawford's testimony.
A trial court has great discretion in its rulings on questions of relevancy, and those rulings will not be disturbed absent an abuse of that discretion. See Ex parte Loggins, 771 So.2d 1093 (Ala.2000). The trial court specifically instructed the jury that the purpose of Crawford's testimony was to show possible intent, not to prove Hunter's guilt or innocence. In order to prove first-degree robbery, the State must demonstrate that the defendant, in the course of committing a theft, 1) used force against a person "with intent to overcome his physical resistance" or 2) threatened "the imminent use of force" against a person "with intent to compel acquiescence to the taking of ... the property." Ala.Code 1975, §§ 13A-8-41(a) and 13A-8-43(a). The Alabama Rules of Evidence clearly allow evidence of prior bad acts when it is offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ala.R.Evid., Rule 404(b). (Emphasis added.)
*275 Crawford's testimony was not barred by the Rules of Evidence, because it was relevant to prove intent. "`Any fact which has causal connection or logical relation to another fact, so as to make the other fact more or less probable, is competent or relevant.'" Ex parte Loggins, supra, 771 So.2d at 1103. The evidence demonstrates that the two crimes were committed just over two weeks apart and that each involved Hunter's approaching a victim with a gun, intending to threaten the use of, or to actually use, force to overcome the victim's resistance and take the victim's property. The evidence contributed by Crawford tends to indicate a plan that demonstrates Hunter's intent in committing these robberies.
Crawford's testimony was not unduly prejudicial. All relevant evidence is prejudicial to some degree, but the issue is whether the probative value of the evidence is outweighed by its prejudicial effect. Ala.R.Evid., Rule 403. The verdict rendered by the jury demonstrates that Crawford's testimony did not so inflame the jury that the jurors did not look critically at the evidence offered by the State and determine whether the State had proved its case. Hunter was charged with attempted murder for beating Gamble, threatening to kill him, and for shooting at the car while fleeing. The jury did not find that Hunter had attempted to kill Gamble; it convicted him only of second-degree assault in regard to the beating that occurred during the robbery. The trial judge's admission of Crawford's testimony was not an abuse of discretion.
The State is required to prove each element of a crime charged and to prove it beyond a reasonable doubt. The State introduced the testimony of a prior bad act to prove, beyond a reasonable doubt, that Hunter intended to use force in order to take Gamble's property. We should not penalize the State for thoroughly proving its case. Therefore, I dissent from the order denying the State's petition for the writ of certiorari.