STUART, Justice.
The writ of certiorari is quashed.
In quashing the writ, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Criminal Appeals’ opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973). Specifically, we note that a pertinent fact, not clearly stated in the Court of Criminal Appeals’ opinion, is that Madison timely and adequately objected to the failure of the trial court to charge the jury on the presumption of innocence; his objection was overruled. See Rule 21.3, Ala.R.Crim.P.; and United States v. Dilg, 700 F.2d 620, 624 (11th Cir.1983)(“A long-standing principle of federal jurisprudence is that a total failure to charge on the presumption of innocence accompanied by a defendant’s objection to such failure requires reversal of a conviction and remand for a new trial without further inquiry.” (emphasis supplied)).
WRIT QUASHED.
MOORE, C.J., and SEE, BROWN, and HARWOOD, JJ., concur.