822 So.2d 1237 (2001)
Ex parte CITY OF DOTHAN.
(In re City of Dothan v. Eighty-Four West, Inc., and Quin E. Flowers, Jr.)
1002136.
Supreme Court of Alabama.
December 7, 2001.
F. Lenton White, Dothan, for petitioner.
Jere C. Segrest and Kevin Walding of Hardwick, Hause & Segrest, Dothan, for respondents.
Prior report: Ala.Civ.App., 822 So.2d 1227.
*1238 PER CURIAM.
The petition for the writ of certiorari is denied.
In denying the petition for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973).
WRIT DENIED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
LYONS and JOHNSTONE, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from the denial of the petition for a writ of certiorari filed by the City of Dothan. The trial court has ordered Dothan to permit Flowers to build an earthen dam eight feet high and a half mile long across sloping ground within the Dothan city limits. The Court of Civil Appeals has affirmed. The rationale is that the common-enemy rule allows a downslope property owner to protect himself from runoff from the upslope property within city limits.
The trial court and the Court of Civil Appeals have decided that the only disputed issue controlling the applicability of the common-enemy rule to this case is whether or not the upslope water to be blocked by the dam will be surface water (rain runoff) as distinguished from a stream or an intermittent stream, as not even the common-enemy rule would allow a downslope owner to block a stream or an intermittent stream. Thus, both the trial court and the Court of Civil Appeals have deemed as dispositive the fact-finding that the water will be surface water and have applied the common-enemy rule to require Dothan to permit the dam.
Neither the trial court nor the Court of Civil Appeals has considered the potentially catastrophic effect of this huge dam, bigger than any previously allowed by our common-enemy cases, in damming and rechanneling runoff from a half-mile wide expanse of occupied upslope property. We should grant certiorari review to determine whether Dothan adequately presented this issue below and, if so, whether this issue warrants further definition of the common-enemy rule.