10 So.3d 1022 (2008)
Ex parte Charles PHILON
(In re Chadwick Timber Company v. Charles Philon).
1061210.
Supreme Court of Alabama.
December 19, 2008.
C. Robert Montgomery, Chatom, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Civ.App., 10 So.3d 1014.
PER CURIAM.
The petition for the writ of certiorari is denied.
In denying the petition for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973).
WRIT DENIED.
*1023 COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
MURDOCK, J., concurs specially.
MURDOCK, Justice (concurring specially).
The Court in this case denies the petition for the writ of certiorari, but in so doing explains that it "does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion." 10 So.3d at 1024. I concur in the order denying the petition. The purpose of this separate writing is to explain my reasons for "not wish[ing] to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion."

I. Background Facts and Procedural History
Charles Philon sued his employer, Chadwick Timber Company ("Chadwick"), seeking worker's compensation benefits for an alleged permanent total disability arising from injuries to his left leg and his back. Philon worked as a "chainsaw hand" for Chadwick. On March 8, 2001, Philon was injured in an on-the-job accident when a tree he was cutting snapped back and broke his left leg immediately below the knee. Philon testified that, during this incident, he also suffered an injury to his back when he fell and hit his back on a tree limb.
During surgery on his leg the next day, three screws were placed in his left leg to repair the fracture. Dr. Albert Pearsall IV was the treating physician. At the trial of this case in September 2005, Philon testified that he experienced substantial pain in his left leg and lower back. The materials before us do not indicate, however, to what degree this pain was attributable to his leg injury as opposed to his back.
After a trial at which evidence was presented ore tenus, the trial court entered a judgment finding Philon to be permanently and totally disabled and awarding benefits accordingly. Chadwick appealed with respect to the award of worker's compensation benefits for the injury to Philon's back. Chadwick contends that Philon should receive compensation only for the injury to his leg.
The Court of Civil Appeals reversed the trial court's judgment; it concluded that Philon had not presented substantial evidence of medical causation with respect to his back injury. Chadwick Timber Co. v. Philon, 10 So.3d 1014 (Ala.Civ.App.2007). Philon then filed the present petition for the writ of certiorari with this Court.

II. Analysis

A. Was there substantial evidence that Philon hurt his back during the March 8, 2001, accident?

The Court of Civil Appeals first considered whether the record contained substantial evidence to support the trial court's factual determination that Philon injured both his leg and his back in the accident. The standard of appellate review in workers' compensation cases is governed by § 25-5-81(e), Ala.Code 1975, which provides that "[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." "Substantial evidence" is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262, 269 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).
*1024 The medical records from the two facilities at which Philon was treated on March 8, 2001, contain no mention of any complaints by Philon of back pain.[1] Dr. Pearsall testified that his first notation that Philon complained of back pain was dated September 28, 2001. Philon repeated his complaint of back pain to Dr. Pearsall again in October 2001 and also told his physical therapist in the fall of 2001 that he was experiencing back pain.
According to the opinion of the Court of Civil Appeals, however, Philon testified at trial that he did injure his lower back in the March 8, 2001, on-the-job accident. That opinion also notes that Philon testified that he informed medical personnel at both medical facilities he visited immediately following the accident that he was experiencing back pain. The Court of Civil Appeals' opinion also indicates that Philon testified that he informed Dr. Pearsall "several times" before September 2001 that he was experiencing back pain.[2]
Based on the above-described conflicting evidence, the trial court made the following specific factual findings:
"2. That on March 8, 2001, while employed with Chadwick Timber Company as a chainsaw hand, [Philon] sustained injuries while performing his job and such injuries arose out of and in the course of his employment. [Philon] received an injury to his left leg and lower back in the course of performing his work as a chainsaw hand.... The Court is satisfied that [Philon] proved causation in the present case.
"....
"8.... [Philon] testified and was a very believable witness...."
The Court of Civil Appeals took up the issue whether "the evidence in the record... support[s] a conclusion that the March 8, 2001, on-the-job accident caused an injury to Philon's back." 10 So.3d at 1019. The court found that
"[o]ther than his own testimony that he fell and hit his back on a tree limb, Philon failed to present any evidence tending to indicate that he had suffered a back injury as a result of his March 8, 2001, on-the-job accident. Given the evidence in the record, we must hold that the `overall substance' of the evidence in the record does not support a conclusion that Philon suffered a back injury on March 8, 2001. See Ex parte Southern Energy Homes, Inc., [873 So.2d 1116, 1122 (Ala.2003)]; Jackson Landscaping, Inc. v. Hooks, [844 So.2d 1267 (Ala.Civ. App.2002)]."
10 So.3d at 1020 (emphasis added).
In voting to deny the petition in this case, I do not wish to be understood as approving the Court of Civil Appeals' assertion that the testimony by Philon that "he fell and hit his back on a tree limb" is the only evidence he presented indicating that he hurt his back during the March 8, 2001, accident; as already noted, the Court *1025 of Civil Appeals' opinion describes other testimony by Philon that supports such a finding. Moreover, I do not wish to be understood as approving (1) the suggestion by the Court of Civil Appeals that the testimony of Philonwhom the trial court expressly found to be a credible witness that he hurt his back when he fell and hit a tree limb in his March 8, 2001, on-the-job accident, cannot constitute "substantial evidence" that Philon hurt his back in his March 8, 2001, on-the-job accident, or (2) the finding by the Court of Civil Appeals, contrary to the factual finding made by the trial court based on conflicting evidence, that the record cannot "support a conclusion that Philon suffered a back injury on March 8, 2001." 10 So.3d at 1021.
Nonetheless, denial of certiorari review is appropriate in this case. Even though the Court of Civil Appeals took up this issue, that court also acknowledged that, "in his brief submitted to [that] court Philon maintain[ed] that he did not seek to establish in the trial court that he suffered an injury to his lower back on March 8, 2001, when he injured his leg in the on-the-job accident." 10 So.3d at 1019 n. 1 (emphasis added). Moreover, Philon's petition to this Court contains no request for relief based on this issue. It is for these reasons that I agree that no relief should be given in this case based on this issue.

B. Could the Court of Civil Appeals examine the "change-of-gait" theory for Philon's back pain under the principle that an appellate court can affirm a trial court's judgment on any valid legal ground?

After addressing the issue whether the evidence supported a conclusion that Philon directly injured his back on March 8, 2001, the Court of Civil Appeals turned its attention to the alternative factual theory that Philon's back injury was caused over time by changes in his gait resulting from his leg injury. The Court of Civil Appeals stated its reason for addressing this issue as follows: "This court may affirm a correct judgment for any reason, even if the trial court did not rely on that reason in reaching its judgment." 10 So.3d at 1021. Even though the trial court made no finding on this factual issue, the Court of Civil Appeals coupled the foregoing statement with the assertion that "if properly supported by the evidence, such a claim could support the trial court's judgment."
It is important to note, however, that, although an appellate court may affirm a judgment of a trial court on a ground not relied upon by the trial court, this is so only if the alternative ground is a "valid legal ground." Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003) (emphasis added) (subject to due-process constraints, appellate courts "will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court"); Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (an appellate court "`will affirm the judgment appealed from if supported on any valid legal ground,'" even if that ground is not raised below (quoting Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983) (emphasis added))); Pavilion Dev., L.L.C. v. JBJ P'ship, 979 So.2d 24, 41-43 (Ala.2007) (Murdock, J., concurring specially). The role of an appellate court is to decide questions of law. As this Court stated in Curtis White Construction Co. v. Butts & Billingsley Construction Co., 473 So.2d 1040, 1041 (Ala.1985):
"It is the function of a trial judge sitting as factfinder to decide facts where conflicts in the evidence exist.... The appellate courts do not sit in judgment of the facts, and review the factfinder's *1026 determination of facts only to the extent of determining whether it is sufficiently supported by the evidence, that question being one of law."
(Emphasis added.) See also Ex parte Golden Poultry Co., 772 So.2d 1175, 1177 (Ala.2000) (after determining that the trial court had applied the erroneous legal standard, the Court of Civil Appeals erred by weighing the evidence under the correct standard; the case should have been remanded for the trial court to make the necessary findings under the proper standard; an appellate court "is not authorized to independently weigh the evidence").
Applying the foregoing principles to the present case, I note first that the trial court made no factual finding as to whether Philon's back injury was caused over time by changes to his gait resulting from his leg injury. Therefore, the only basis upon which the Court of Civil Appeals could have affirmed the judgment of the trial court on this alternative factual theory is if the Court of Civil Appeals could have determined, as a matter of law, that the record before it could not reasonably support any conclusion other than that Philon's back injury occurred in the stated manner. See Gartman v. Hill, 874 So.2d 555, 559 (Ala.Civ.App.2003) ("While it is true that this court will affirm the judgment appealed from if supported on any valid legal ground, the evidence in this case falls well short of what would be required for this court to hold, as a matter of law, that [the plaintiff] is entitled [to prevail on a factual theory as to which the trial court made no finding].").[3]See generally § 25-5-81(e), Ala.Code 1975; Ex parte Trinity Indus., Inc., 680 So.2d at 268-69.
The evidence of which we have been made aware is far from sufficient to support the altered-gait theory as the only reasonable factual explanation for Philon's back injury. The verified statement of facts set forth in Philon's petition mentions several occasions over the course of the year following his injury in which Philon complained of some degree of pain in his back, but the verified statement of facts contains no mention of any attribution by Philon, on any such occasion, of his back pain to changes in his gait resulting from his leg injury. Unable to rely on any such attribution, Philon takes the tack in his petition to this Court of arguing that "Chadwick Timber offered no evidence of any other cause of Mr. Philon's back pain" other than changes to his gait resulting from his leg injury. (Emphasis added.)
The burden of proving medical causation lies with the plaintiff, not the defendant. Ex parte Moncrief, 627 So.2d 385, 388 (Ala.1993) ("[F]or an injury to be compensable under the Workers' Compensation Act, the employee must establish both legal and medical causation."); Hammons v. Roses Stores, Inc., 547 So.2d 883 (Ala.Civ. App.1989). The foregoing evidence, as postured by Philon, the plaintiff, provides no basis upon which the Court of Civil Appeals could have concluded as a matter of law that there was no explanation for Philon's back injury other than the alleged changes to his gait resulting from his leg injury.
Philon's petition contains a passing reference to the fact that he testified about his back pain, but it does not explain what that testimony was or how it supports his alternative factual theory.[4] The only other *1027 evidence offered by Philon in support of this alternative theory is the testimony of his treating physician, Dr. Pearsall. Dr. Pearsall, however, testified only that a change in a person's gait resulting from a knee injury "potentially could" "have an effect on the back." When asked, "could that be causing Mr. Philon to have lower back pain," Dr. Pearsall merely testified, "it could, yes." When asked further if he had an opinion "as to whether or not Mr. Philon experienced back pain or back problems as a result of any changes in his gait," Dr. Pearsall testified, "I think that's possible." Dr. Pearsall apparently was not asked for and did not offer any opinion as to whether it was "probable" or "likely" that Philon experienced problems with his back as a result of changes in his gait caused by his leg injury. As the Court of Civil Appeals recognized, Dr. Pearsall's testimony amounts to "`evidence of mere possibilities that would only serve to `guess' the employer into liability.'" 10 So.3d at 1020 (quoting Ex parte Southern Energy Homes, Inc., 873 So.2d 1116, 1122 (Ala.2003), quoting in turn Hammons v. Roses Stores, Inc., 547 So.2d at 885 (emphasis added)).
The record presented to the Court of Civil Appeals did not support an affirmance of the trial court's judgment on the alternative ground that Philon's back injury was a result of changes in his gait caused by his leg injury. Accordingly, as to this alternative theory, I find no probability of merit in the petition for the writ of certiorari. I therefore vote to deny the petition.
NOTES
[1] The records from Philon's visit to the hospital at the University of South Alabama on March 8, 2001, state that Philon did not complain of any injury other than the injury to his left leg.
[2] The opinion of the Court of Civil Appeals states:

"At the hearing, Philon testified that he had informed Dr. Pearsall several times that he was having back pain; Philon acknowledged, however, that he `might have' told Dr. Pearsall that that back pain was mild. Dr. Pearsall testified that he could have failed to document one complaint of back pain before September 2001 but that he would `find it almost impossible to believe that [Philon] would have mentioned [his claim of back pain] to me on multiple occasions and I would have ignored him on every occasion.'"
10 So.3d at 1017.
[3] Here, in fact, we are presented with a factual theory that is different from the express factual findings made by the trial court.
[4] Notwithstanding Philon's testimony (according to the trial court) that he hurt his back on March 8, 2001, the opinion of the Court of Civil Appeals contains a brief statement at one point that "Philon testified that his leg injury caused him to suffer back pain." 10 So.3d at 1021. Philon's petition makes no meaningful argument based on whatever testimony he gave in this regard.