REL:  08/29/2014

**Notice**: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME  COURT  OF  ALABAMA

## SPECIAL TERM, 2014

_____

### 1121414

_____

**Ex parte George Willie Pollard**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

(In re:  State of Alabama

v.

George Willie Pollard)

(Lee Circuit Court, CC-11-418;
Court of Criminal Appeals, CR-10-1560)

WISE, Justice.

The writ of certiorari is quashed.

1121414

In quashing the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Criminal Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So. 2d 155 (1973).

WRIT QUASHED.

Stuart, Bolin, Parker, Murdock, Main, and Bryan, JJ., concur.

Moore, C.J., and Shaw, J., dissent.

1121414

SHAW, Justice (dissenting).

I dissent from quashing the writ of certiorari in this case.

On January 12, 2011, law-enforcement officials received an e-mailed "Meth Check Alert," apparently as part of the National Precursor Law Enforcement Exchange Program, indicating that George Willie Pollard had purchased pseudoephedrine at a store in Opelika. The alert was relayed to Detective Michael Rogers, a narcotics investigator with the Opelika Police Department.

Rogers drove to a position near Interstate 85 to observe vehicular traffic traveling north, apparently in an attempt to observe Pollard's vehicle. Rogers was familiar with both Pollard and Pollard's wife, Christy. He spotted a vehicle driving past his location that was occupied by "two black males and a redheaded female." Rogers knew that Christy had red hair, so he decided to follow the vehicle to determine whether Christy was the female in the vehicle and whether Pollard was with her. When Rogers saw Pollard in the vehicle, he performed a check of the vehicle's tag number and determined that the vehicle was registered to Steve Madden,

3

who allegedly had an outstanding warrant. According to Rogers, he then conducted a traffic stop based on the outstanding warrant for Madden coupled with the information he had that Pollard had recently purchased pseudoephedrine. After the vehicle was stopped, the driver, Madden, consented to a search of the vehicle. During the course of the search, Rogers discovered several items commonly used in the manufacture of methamphetamine.

Pollard was ultimately indicted for first-degree unlawful manufacture of a controlled substance. Ala. Code 1975, § 13A-12-218. He filed a pretrial motion to suppress the evidence seized from the vehicle, arguing that the traffic stop and the resulting search were illegal.

The issue discussed at the hearing on the motion to suppress was whether the e-mailed "alert" received by law-enforcement officials was sufficient cause to initiate a traffic stop. It appears from the record that the issue was extensively argued by both Pollard and the State. Ultimately, the trial court granted the motion to suppress under the rationale that the e-mail alert did not provide a sufficient

basis for an investigatory stop of the vehicle. The State appealed to the Court of Criminal Appeals.

On appeal, the State contended that the trial court erred in overlooking Rogers's testimony that the driver of the vehicle, Madden, had a warrant outstanding for his arrest. The Court of Criminal Appeals agreed, holding that the evidence of the arrest warrant for Madden established a second, independent reason for conducting the investigatory stop. State v. Pollard, [Ms. CR-10-1560, August 13, 2013] ___ So. 3d ___ (Ala. Crim. App. 2013).

On appeal to the Court of Criminal Appeals (and in his certiorari petition to this Court), Pollard contended that the State's argument that the outstanding arrest warrant for Madden provided a basis for the investigatory stop was improper because the State failed to raise this claim first in

1121414

the trial court.[1]   In its opinion, the Court of Criminal

Appeals addressed this issue as follows:

"The Alabama Supreme Court has noted that

"'"[a]lthough on appeal from an intermediate court the higher court may be limited to the questions of law raised or argued at the trial, it is not limited to the arguments there presented." 5 C.J.S. Appeal and Error § 978 (2007) (emphasis added). In other words, "[n]ew arguments or authorities may be presented on appeal, although no new questions can be raised." 4 C.J.S. Appeal and Error § 297 (emphasis added).'

"Ex parte Jenkins, 26 So. 3d 464, 473 n. 7 (Ala. 2009). Thus, under Jenkins, a party waives on appeal questions of law not first raised in circuit court.

"As stated above, the only question of law before the circuit court was whether the 'evidence and statements are due to be suppressed in that [the] search leading to the discovery of [the] evidence and statements [was] conducted without a search warrant.' (C. 24.) The State on appeal is

_____

[1]Both the State's failure to raise the issue of the outstanding arrest warrant and the trial court's failure to recognize it are understandable. On a motion to suppress, the State responds to the specific arguments presented by the movant. Here, Pollard raised a novel legal issue, the State responded to that issue, and the trial court endeavored to determine what the law would require with respect to what appeared to be an issue of first impression. That an arrest warrant for Madden existed was only briefly mentioned in testimony, and both the parties and the trial court instead focused their efforts on the unique legal issue concerning the e-mail alert.

6

> merely asserting an <u>argument</u>--based on undisputed evidence presented to the circuit court--as to why the circuit court erred in ruling on the <u>question of law</u> that Pollard raised in his motion to suppress."

<u>Pollard</u>, \_\_\_ So. 3d at \_\_\_ n.3.

I have serious concerns as to whether <u>Ex parte Jenkins</u>, 26 So. 3d 464 (Ala. 2009), relied on by the Court of Criminal Appeals, was correctly decided. Assuming that it is easy to distinguish between a legal "question" and a mere "argument" as to that question, it seems that, if any "question" is defined broadly enough, anything can be preserved for review and considered on appeal. This drastically alters the traditional duties of parties to preserve issues for appellate review. Further, there should be consideration as to whether the parties must take <u>some</u> initiative to ensure that the trial court has the opportunity to make the correct decision. Parties should be required to direct the trial court to the correct "arguments" instead of allowing the focus to dwell on immaterial issues or, intentionally or not, "sandbagging" the trial court with inconsequential "arguments," while leaving the appellate courts to address the true "questions" never before brought to the attention of the lower court. In his brief, Pollard asks this Court to "revisit" <u>Jenkins</u> and to

1121414

clarify its holding. I would do so. I thus dissent from quashing the writ.