MURDOCK, Justice
(concurring specially).
The Court today quashes the writ previously issued in this case, but notes that, in doing so, it “does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals’ opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973).” 181 So.3d at 1066. I write separately to explain why I do not wish to be understood as agreeing with the rationale of the Court of Civil Appeals.
I do not agree that Dental Referral'Service, LLC, waived its claim to attorney fees in this particular case by relying only on the language of the statute that actually provides for and governs that claim, § 12-19-272, Ala.Code 1975. The language of that statute adequately explains the standard to be applied directly to the facts in a case such as this:
“(a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys’ fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part;
“(b) When a court determines reasonable attorneys’ fees or costs should be assessed it shall assess the payment thereof against the offending attorneys or parties, or both, and in its discretion may allocate among them, as it determines most just, and may assess the full amount or any portion thereof to any offending attorney or party;
“(c) The court shall assess attorneys’ fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or .any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including but not limited to abuses of discovery procedures available under the Alabama Rules of Civil Procedure_”
*1067 Under the circumstances, the citation to § 12-19-272 is more than adequate to preserve the claim, even if the inclusion of case authority might have made for a better argument.
Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain “citations to the cases, statutes, other authorities, and parts of the record relied on.” (Emphasis added.) Although in some circumstances citation to a statute without citation to any applicable case authority might amount to the presentation, as the Court of Civil Appeals held, of an “undelineated general proposition,” Alabama Department of Labor v. Dental Referral Service, LLC, 181 So.3d 1061, 1065 (Ala.Civ.App.2014), I do not find that to be the situation here. I see no waiver resulting from the fact that Dental Referral could not, or did not, find and cite to this Court some case or cases applying the governing language of § 12-19-272 to a case indistinguishable factually from the present case.
MOORE, C.J., concurs.