SHAW, Justice
(concurring in the result).
I believe that certain portions of' this Court’s decision in Ex parte Jenkins, 26 So.3d 464 (Ala.2009), have caused confusion. As the main opinion notes, it is well settled that, except for certain clearly defined exceptions, an appellate court will not reverse a judgment of a lower court on an issue that is raised for the first time on appeal. There are numerous compelling reasons for this rule. As Justice Maddox once stated in an often quoted special writing:
“The - Oregon Court of Appeals has stated additional reasons for holding that an error not raised and preserved at the trial level cannot be considered on appeal:
“ ‘[I]t is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to a court; ... fairness to all parties requires a litigant to advance his contentions at a- time when- there is an opportunity to respond , to them factually, if his opponent chooses to; ... the rule promotes efficient trial proceedings; ... reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and ... there ⅛ something unseemly about telling a lower court it was wrong-when it never was presented with the opportunity to be right. The principal rationale, however, is judicial economy. There are two components to judicial economy: (1) if the losing side can obtain an appellate reversal because of error not objected to, the parties and public are put to the expense-of retrial that could have been avoided had an objection been *1220 made; and (2) if an issue had been raised in the trial court, it could have been resolved there, and the parties and public would be spared the expense of an appeal.’ ”
Cantu v. State, 660 So.2d 1026, 1031-32 (Ala.1994) (Maddox, J., concurring in part and dissenting in part) (quoting State v. Applegate, 39 Or.App. 17, 21, 591 P.2d 371, 373 (1979)).
In Jenkins, a narrow majority stated in a footnote:
“[T]he rule upon which the dissent attempts to rely is one that generally prevents an appellant from raising on appeal a question or theory that has not been preserved for appellate review, not the provision to a higher court of an additional specific reason or authority for a theory or position asserted by the party in the lower- court. The fundamental rule in this regard, as stated in Corpus Juris Secundum, is that a ‘higher court: normally will not consider a question which the intermediate court could not consider.’ 5 C.J.S. Appeal and Error § 977 (2007). However, ‘[although on appeal from an intermediate court the higher court may be limited to the .questions of law raised or argued at the trial, it is- not limited to the arguments there presented.’ 5 C.J.S. Appeal and Error § 978 (2007) (emphasis added). In other words, ‘[n]ew arguments or authorities may be presented on appeal,, although no new questions can be. raised.’ 4 C.J.S. Appeal and Error § 297 (emphasis added).”
Jenkins, 26 So.3d at 473 n. 7. This rationale was applied by the Court of Criminal Appeals in State v. Pollard, 160 So.3d 826 (Ala.Crim.App.2013). In dissenting from this Court’s quashing the writ of certiorari in Pollard, I wrote:
“I have serious concerns as to whether Ex parte Jenkins, 26 So.3d 464 (Ala.2009), relied on by the Court of Criminal Appeals, was correctly decided. Assuming that it is easy to distinguish between a legal ‘question’ and a mere ‘argument’ as to that question, it seems that, if any ‘question’ is defined broadly enough, anything can be preserved for review and considered on appeal. This drastically alters the traditional duties of parties to preserve issues for appellate review. Further, there should be consideration as to whether the parties must take some initiative to ensure that the trial court has the opportunity to make the correct decision. Parties should be required to direct the trial court to the correct ‘arguments’ instead of allowing the focus to dwell on immaterial issues or, intentionally or not, ‘sandbagging*- the trial court with inconsequential ‘arguments,’ while leaving the appellate courts to address the true ‘questions’ never before brought to the attention of the lower court.”
Ex parte Pollard, 160 So.3d 835, 837 (Ala.2014) (Shaw, J., dissenting).
Whether characterized as “arguments,” “questions,” “reasons,” or “theories,” I would hold that, if the appellant did not present them in the trial court for its review and to allow the opposing party the opportunity to respond, then they are not preserved for appellate review. That formula, in my mind, best serves the principles of fairness and judicial economy.
In the instant case, the State of Alabama did not argue in the trial court that Teddy Lee Knox was no longer being detained at the time the drug-detection dog alerted on Knox’s vehicle. If the “question” was whether the evidence of • the marijuana seized should be suppressed, would not the contention that Knox was not detained arguably be an “additional specific reason” to deny the motion to suppress that, under Jenkins, could be raised for the first time *1221 on appeal? It is not clear to me when we should hold that the lenient formulation stated in- Jenkins has been stretched too far. Instead,: I would hold that, (1) because the trial court did not have the opportunity to consider the State’s contention, (2) because Knox did not have the opportunity at the proper time to rebut it, and (3) because judicial economy would have best been served if the contention had first been addressed below,[11], that issue was not preserved for review on appeal. Because that is the decision (but not the rationale) of the main opinion, I concur in the result.

. If the State’s contention is meritorious, as the Court of Criminal Appeals held, then the trial court would have denied Knox’s motion to suppress, thus avoiding these appellate proceedings.