SHAW, Justice
(concurring in case no. 1130041 and dissenting in case no. 1130036).
• I concur to dismiss the appeal in case no. 1130041; I respectfully, dissent from denying the petition for a writ of mandamus in case no. 1130036.
In Mock v. Allen, 783 So.2d 828 (Ala.2000), this Court rejected the argument that the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq„ Ala.Code 1975 (“the AMLA”), “[did] not apply ... because ‘[t]he acts of intentional sexual assault of which [the patient] complains were for no medical reason’” and were “outside the scope of the physician’s professional services and did not constitute professional malpractice.” Instead, the rule has been as follows:
“[M]ost of the reported- cases where appellate courts have declined to hold that the physician’s conduct constituted professional malpractice involved either an intimate sexual relationship or sexual misconduct having no connection with the rendering of professional services
[[Image here]]
“By contrast, in cases where the alleged sexual misconduct occurs as part of a physician’s examination and/or treatment of a patient, the conduct is considered to have occurred during the delivery of professional services, and is therefore cognizable as a medical-malpractice claim....”
783 So.2d,at 832-33 (emphasis added).
Under the precedent established by Mock, the AMLA is applicable in this case. To be clear, the application of Mock and the AMLA in no way denies the plaintiff a cause of action or the ability to seek damages for any alleged misconduct by the defendant. Instead, under Mock, the plaintiffs claim is litigated pursuant to certain statutorily prescribed substantive and procedural requirements. The main opin *543 ion in this case instead changes the law and abandons precedent.
We have described our adherence to precedent under the doctrine of stare deci-sis as follows:
“As Justice Somerville observed in his dissent in Bolden v, Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 340, 110 So. 574, 580 (1925), ‘The doctrine of stare decisis, though not without its limitations, is the only thing that gives form, and consistency, and stability to the body of the law. Its structural foundations, at least, ought not to be changed except for the weightiest reasons.’ In Lindsay v. United States Savings & Loan Ass’n, 120 Ala. 156, 167, 24 So. 171, 174 (1898), this Court commented:
“ ‘The observations of Chancellor Kent are instructive, and have been often quoted by courts and text writers: “If a decision has been made upon solemn • and mature consideration, the presumption is in favor of its correctness, and the community have a right to regard it as a just declaration or exposition of the law, and to regulate their actions by it.” ’
“... Recently we stated, ‘Judges adhering to the rule of stare decisis defer to prior precedent to obtain the beneficial effect of predictability in the law even when enticed to embrace what appears to be a more logically sound rule.’ Keck v. Dryvit Sys., Inc., 830 So.2d 1, 7-8 (Ala.2002).”
Exxon Corp. v. Department of Conservation & Natural Res., 859 So.2d 1096, 1102 (Ala.2002) (emphasis omitted).
The plaintiff does not ask this Court to overrule Mock; instead, the majority elects to do so on its own initiative. “However, this Court has long recognized a disinclination to overrule existing easelaw in the absence of either a specific request to do so or an adequate argument asking that we do so.” Ex parte McKinney, 87 So.3d 502, 509 n. 7 (Ala.2011). This is because “[sjtare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.” Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002), See also Clay Kilgore Constr., Inc. v. Buchalter/Grant, L.L.C., 949 So.2d 893, 898 (Ala.2006) (noting the absence of a specific request by the appellant to overrule existing authority and stating that, “[e]ven if we would be amenable to such a request, we are not inclined to abandon precedent without a specific invitation to do so”). Because the plaintiff attempts to distinguish Mock but does not ask us to overrule it, I would follow the doctrine of stare decisis and apply that precedent. I express no opinion as to whether Mock correctly interpreted or applied the AMLA, because I do not believe that the issue is before us.
. Despite no “specific request” to overrule Mock, the majority navigates around this requirement by noting that “[the plaintiffs] argument and [the defendant’s] invocation of Mock for the contrary position necessitate a reexamination of that decision in the present case.” 201 So.3d at 535. I must respectfully submit that a party presenting an argument contrary to precedent and the opposing, party pointing this out does not constitute a “specific request” or an “adequate argument asking” this Court to overrule that controlling precedent. Ex parte McKinney, supra. Indeed, virtually any argument citing a case can now be deemed a request to overrule a decision. This new rule effectively negates the idea that one must present a “specific request ” to overrule a prior decision and replaces it with a loosey-goo-sey test that allows this Court to overrule a prior decision on a- whim. Thus, yet
*544 another exception to our general requirements regarding the proper presentation of arguments for appellate review has been created. See Ex parte Pollard, 160 So.3d 835, 837 (Ala.2014) (Shaw, J., dissenting) (noting the unclear standard of preserving issues for review found in Ex parte Jenkins, 26 So.3d 464 (Ala.2009), and its potential for abuse).
Mock provided a clear distinction between sexual misconduct that occurred with no connection to treatment, which, Mock held, falls outside the AMLA, and sexual misconduct that occurs during treatment, which, Mock held, falls within the AMLA. The main opinion erases this distinction. Appropriate medical care or treatment might, in certain cases where such care or treatment occurs as part of a physician’s examination and/or treatment of a patient, require touching that, in another context, would constitute sexual assault. The AMLA would require a plaintiff alleging assault under this scenario to provide certain expert testimony to show that the touching was outside the standard of care—i.e., that the touching was medically improper or not necessary—and restrict some of the evidence that might otherwise be discoverable and admissible at trial. The application of this statutory procedure might seem uncomfortable in a sensitive case like one alleging a sexual assault because it seemingly provides some measure of protection to the defendant physician. Now, under the rule embraced in the main opinion, when there is an allegation of sexual assault, the plaintiff will have to show only the elements of that tort outside of any strictures imposed by the AMLA. This is a more comfortable result than the application of the previous rule. However, a future case could involve a physician who was clearly permitted by the applicable standard of care to touch a patient, but who is nonetheless sued alleging assault and is deprived of the substantive and procedural rules of the AMLA when those rules may be clearly needed. Once again, in light of this uncomfortable result and without the restraint of stare decisis, the Court may vacillate back to a Mocfc-type analysis. This potential for uncertainty and instability in the law, fickle as it is, is exactly what stare decisis is intended to prevent. I thus respectfully dissent.