Rel: October 31, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0006

_____

## Ex parte TheraTrue Alabama, LLC

## PETITION FOR WRIT OF CERTIORARI
## TO THE COURT OF CIVIL APPEALS

## (In re: TheraTrue Alabama, LLC

## v.

## Alabama Medical Cannabis Commission and Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Hon. Charles Price, Dr. William Saliski, Loree Skelton, Dr. Jerzy Szaflarski, Dr. H. Mac Barnes, and Dion Robinson, in their official capacities as members of the Alabama Medical Cannabis Commission)

### (Montgomery Circuit Court: CV-24-58;
### Court of Civil Appeals: CL-2024-0312)

McCOOL, Justice.

The petition for a writ of certiorari is denied. In denying the petition, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals' opinion. Horsley v. Horsley, 291 Ala. 782, 280 So. 2d 155 (1973).

WRIT DENIED.

Stewart, C.J., and Shaw, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

McCool, J., concurs specially, with opinion, which Cook, J., joins.

Lewis, J., recuses himself.

McCOOL, Justice (concurring specially).

The dispute in this case stems from the decision of the Alabama Medical Cannabis Commission ("the AMCC") to deny the application for a medical-cannabis license that was submitted by TheraTrue Alabama, LLC ("TheraTrue"). See § 20-2A-1 et seq., Ala. Code 1975. TheraTrue challenged the AMCC's decision in the Montgomery Circuit Court and, after failing to obtain relief there, filed an appeal in the Court of Civil Appeals. The Court of Civil Appeals affirmed the circuit court's judgment, see Southeast Cannabis Co. v. Alabama Medical Cannabis Comm'n, [Ms. CL-2024-0300, Dec. 20, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024), and TheraTrue has filed a petition for a writ of certiorari in this Court.

In its petition, TheraTrue contends that, in affirming the circuit court's judgment, the Court of Civil Appeals "fe[lt] 'bound' by this Court's precedents [requiring] it [to] defer to the AMCC's [statutory] interpretation." Petition, p. 6. It is indeed a well-established rule in Alabama that, "in interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if the interpretation is reasonable." Ex parte State

Dep't of Revenue, 683 So. 2d 980, 983 (Ala. 1996). And that same rule has been used in federal courts since 1984, pursuant to the United States Supreme Court's decision in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). TheraTrue notes, however, that Chevron was overruled last year in Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412 (2024) -- a case in which, TheraTrue says, the United States Supreme Court "drove the nail into the coffin of Chevron deference." Petition, p. 6. Thus, according to TheraTrue, this Court should likewise overrule our own precedents that require "judicial deference to agency interpretations of statute[s]," id., and it contends that this case "presents a golden opportunity to do just that." Id., p. 7.

This Court has denied TheraTrue's petition, and I concur with that decision. However, my agreement with that decision does not mean that I am opposed to reconsidering Alabama's precedents that require judicial deference to a state agency's reasonable statutory interpretation. To the contrary, I am quite open to that idea, but, in my opinion, this is not the case in which to revisit those precedents because it does not appear to me that the outcome of TheraTrue's appeal would be any different if we overruled them. Thus, I encourage petitioners to continue raising this

4

issue in future cases. And, although I do not speak for my fellow justices, I would caution future petitioners not to interpret the denial of TheraTrue's petition as an indication that this Court is unwilling to revisit Alabama's "<u>Chevron</u>-style" deference at a later time.

Cook, J., concurs.